E-FILED
Thursday, 12 May, 2011   10:25:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) ) |
| Plaintiffs, | ) Case No. |
| -against- | ) ) ) |
| LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and PATRICK KEEN, in his Official Capacity as Superintendent of the Illinois State Police, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs MICHAEL MOORE; CHARLES HOOKS; and SECOND AMENDMENT FOUNDATION, INC., as and for their Complaint against Defendants LISA MADIGAN and PATRICK KEEN, allege as follows:

### INTRODUCTION

1. This action for deprivation of civil rights under color of law challenges Illinois' statutory prohibitions on "Unlawful Use of Weapons" (720 ILCS 5/24-1) and "Aggravated Unlawful Use of Weapons" (720 ILCS 5/24-1.6) to the extent that they prohibit otherwise qualified private citizens from carrying handguns for the purpose of self-defense. Plaintiffs seek a declaratory judgment, injunctive relief, and attorney's fees and costs.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," District of Columbia v. Heller, 554 U.S. 570, 592 (2008), and

is "fully applicable against the States," <u>McDonald v. Chicago</u>, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

3.     However, the laws of Illinois completely prohibit people from carrying guns, in public, for the purpose of self-defense.  Illinois is the *only* State in the United States that completely prohibits its citizens from carrying firearms.  Other States impose various conditions and regulations on the carry of firearms – such as background requirements, license requirements, training and qualification standards, and requirements that firearms be carried in particular manners – but they all make some provision that allows law-abiding citizens to carry guns.  In Illinois, only private citizens who can afford licensed private security details may have the benefit of an armed defense.

4.     Plaintiffs do not seek to establish how the State of Illinois should regulate the carry of handguns in public.  For example, Plaintiffs do not seek to establish that the State should enact a licensing program, or any particular licensing program, nor do Plaintiffs contend that the State should in some other manner amend its laws.

5.     Rather, Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment – the right to possess and carry weapons in case of confrontation – renders the State's present regulatory choice unconstitutional.  Whatever the contours of a constitutional scheme might be, the Second Amendment renders a *ban* on carrying guns impermissible.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

7. This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants may be found in this district, and because the events and omissions giving rise to this action are State laws enacted in the State capital of Springfield.

9. Pursuant to CDIL-LR 40.1(F), the Springfield Division is proper for this action because Defendants maintain their offices in Sangamon County and because the events and omissions giving rise to this action are State laws enacted in the State capital of Springfield.

## PLAINTIFFS

10. Plaintiff Michael Moore is a citizen and resident of Illinois residing in Champaign, Champaign County, Illinois. Mr. Moore is 60 years old, married, and he has 4 adult children and 4 grandchildren. Mr. Moore worked as a Corrections Officer in Cook County for 30 years and now works as the Superintendent of the Champaign County Jail.

11. When he was a Corrections Officer, Plaintiff Mr. Moore was also a sworn Deputy Sheriff, and State law allowed him to carry firearms while off-duty. At that time, Mr. Moore did carry a handgun for self-defense from time to time. Now that he is a civilian Jail Superintendent, State law does not include any provision that would allow him to carry a handgun.

12.	Plaintiff Mr. Moore holds a valid Firearm Owners Identification Card ("FOID") issued pursuant to the Illinois Firearm Owners Identification Card Act.  As such, he is generally entitled to possess firearms in the State of Illinois.  See 430 ILCS 65/2.

13.	Plaintiff Mr. Moore would carry a loaded and functional handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful to carry a handgun in Illinois.

14.	Plaintiff Charles Hooks is a citizen and resident of Illinois residing in Percy, Randolph County, Illinois.  Mr. Hooks is 62 years old, married, and he has three adult children.  Mr. Hooks enlisted in the U.S. Army and served active duty from 1971 through 1974.  Mr. Hooks holds a master's degree in Forestry Production from the University of Illinois and runs a small farm in southern Illinois.

15.	Plaintiff Mr. Hooks holds a valid FOID issued pursuant to the Illinois Firearm Owners Identification Card Act.  As such, he is generally entitled to possess firearms in the State of Illinois.  See 430 ILCS 65/2.

16.	Plaintiff Mr. Hooks seeks to carry a handgun while he carries out business away from the farm.  Plaintiff Mr. Hooks would carry a loaded and functional handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful to carry a handgun in Illinois.

17.	Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit member organization incorporated under the laws of the State of Washington with its principal place of business in Bellevue, King County, Washington.  SAF has over 650,000 members and supporters nationwide, including Illinois.  The purposes of SAF include promoting both the exercise of the right to keep and bear arms and education, research, publishing, and legal action focusing on the

constitutional right to privately own and possess firearms.  SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.

18.    Members of SAF would carry loaded and functional handguns in public for self-defense, but refrain from doing so because they understand it is unlawful to carry a handgun in Illinois and fear arrest, prosecution, fine, and imprisonment.

19.    SAF brings this action on behalf of itself and its members.  Plaintiff Charles Hooks is a member of SAF.

## DEFENDANTS

20.    Defendant Attorney General Lisa Madigan is sued in her official capacity as the Attorney General of the State of Illinois, responsible for executing and administering the laws of the State of Illinois, including 720 ILCS 5/24-1 and 720 ILCS 5/24-1.6.  Defendant Attorney General Keen has enforced the challenged laws, customs and practices against Plaintiffs and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs.

21.    Defendant Patrick Keen is sued in his official capacity as the Superintendent of the Illinois State Police, responsible for executing and administering the laws of the State of Illinois, including 720 ILCS 5/24-1 and 720 ILCS 5/24-1.6.  Defendant Superintendent Keen has enforced the challenged laws, customs and practices against Plaintiffs and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs.

## CONSTITUTIONAL PROVISIONS

22.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

23.     The Second Amendment guarantees individuals a fundamental right to carry operable handguns in non-sensitive public places for the purpose of self-defense.

24.     The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

25.     The States retain the ability to regulate the manner of carrying handguns within constitutional parameters; to prohibit the carrying of handguns in specific, narrowly defined sensitive places; to prohibit the carrying of arms that are not within the scope of Second Amendment protection; and, to disqualify specific, particularly dangerous individuals from carrying handguns.

26.     The States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

## STATE LAWS

27. 720 ILCS 5/24-1 provides in pertinent part:

Sec. 24-1. Unlawful Use of Weapons.
(a) A person commits the offense of unlawful use of weapons when he knowingly: . . .
  (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm . . . ; or . . .
  (10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm. . . .
(b) Sentence. A person convicted of a violation of subsection 24-1(a)(1) through (5), subsection 24-1(a)(10), subsection 24-1(a)(11), or subsection 24-1(a)(13) commits a Class A misdemeanor. . . .

28. 720 ILCS 5/24-1.6 provides in pertinent part:

Sec. 24-1.6. Aggravated unlawful use of a weapon.
(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
  (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or
  (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and
  (3) One of the following factors is present:
    (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

> > (B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense. . . .
> 
> (d) Sentence.
> > (1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

### CAUSE OF ACTION

### THE SECOND AMENDMENT INVALIDATES 720 ILCS 5/24-1 AND 7/20 ILCS 5/24-1.6 TO THE EXTENT THEY PREVENT QUALIFIED PRIVATE CITIZENS FROM CARRYING FIREARMS FOR SELF-DEFENSE

29. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

30. 720 ILCS 5/24-1(a)(4) is invalid as applied to prohibit a private citizen who is otherwise eligible to possess firearms from carrying a loaded and operable firearm for the purpose of self-defense.

31. 720 ILCS 5/24-1(a)(10) is invalid as applied to prohibit a private citizen who is otherwise eligible to possess firearms from carrying a loaded and operable firearm for the purpose of self-defense.

32. 720 ILCS 5/24-1.6(a) is invalid as applied to prohibit a private citizen who is otherwise eligible to possess firearms from carrying a loaded and operable firearm for the purpose of self-defense.

33. The invalidities of the aforesaid statute and regulations, and Defendants' application of same, infringe Plaintiffs' Second and Fourteenth Amendments right and damage Plaintiffs in violation of 42 U.S.C. § 1983.

34. Plaintiffs' injuries are irreparable because Plaintiffs are entitled to enjoy their constitutional rights in fact.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

i. declaratory judgment that 720 ILCS 5/24-1(a)(4), 720 ILCS 5/24-1(a)(10), and 720 ILCS 5/24-1.6(a) are invalid in that and to the extent that they are applied to prohibit private citizens who are otherwise qualified to possess handguns from carrying handguns for self-defense;

ii. injunctive relief restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing 720 ILCS 5/24-1(a)(4), 720 ILCS 5/24-1(a)(10), and 720 ILCS 5/24-1.6(a) against private citizens who are otherwise qualified to possess handguns;

iii. such other and further relief, including further injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment or otherwise grant relief, or as the Court otherwise deems just and equitable; and

iv. attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated: May 12, 2011

By: s/ David G. Sigale
David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com

LEAD COUNSEL:
David D. Jensen
DAVID JENSEN PLLC
708 Third Avenue, Sixth Floor
New York, New York 10017
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com
*Admission Pending*

*Attorneys for Plaintiff*