UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FECHTER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> -against- <br><br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, <br><br> Defendants. | Case No. 3:11-cv-3134 <br><br><br><br> **ORAL ARGUMENT REQUESTED** |

**MOTION FOR PRELIMINARY
AND/OR PERMANENT INJUNCTION**

NOW COME the Plaintiffs Michael Moore, Charles Hooks, Peggy Fechter, Jon Maier, Second Amendment Foundation, Inc., and Illinois Carry to move this Court for a preliminary injunction, pursuant to Rule 65 of the Federal rules of Civil Procedure, enjoining Defendants from enforcing the State's prohibitions on "Unlawful Use of Weapons" (720 ILCS 5/24-1) and "Aggravated Unlawful Use of Weapons" (720 ILCS 5/24-1.6) against persons otherwise qualified to possess firearms in Illinois. Plaintiffs respectfully submit:

1. In 2008 the Supreme Court ruled that the Second Amendment "guarantee[s] the individual right to possess *and carry* weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008) (emphasis added).

2. The laws of the State of Illinois completely prohibit people from carrying guns in public. Illinois is the only State in the United States that completely prohibits its citizens from carrying firearms in public.

3. On June 28, 2010 the Supreme Court ruled that the Second Amendment is "*fundamental* . . . to our system of ordered liberty" and is "*fully applicable* against the States." McDonald v. Chicago, 561 U.S. ___, 130 S. Ct. 3020, 3042, 3026 (2010) (emphasis added).

4. On July 6, 2011 the Court of Appeals for the Seventh Circuit ruled that the deprivation of Second Amendment rights is an irreparable injury giving rise to preliminary equitable relief.  See Ezell v. Chicago, no. 10-3525, slip op. p. 24 (7th Cir. Jul. 6, 2011).

5. Aside from the prohibitions of the UUW and AUUW statutes, Plaintiffs are otherwise qualified to possess and carry firearms under Illinois law.

6. This action does not present any significant issues of fact, and the Court should utilize Rule 65(a)(2) to advance trial on the merits with the hearing of this motion.

7. Oral argument would be particularly beneficial for the parties and the Court because the issues presented herein are novel.  Oral argument will allow the parties to explain and clarify the issues and will allow the Court to raise questions or concerns that may develop.

WHEREFORE, Plaintiffs respectfully request that the Court enter a preliminary injunction enjoining Defendants from enforcing the UUW and AUUW statutes to the extent they prohibit Plaintiffs, and other persons qualified to possess firearms in Illinois, from carrying functional firearms in public.

Dated: July 7, 2011

By: /s/ David D. Jensen
David D. Jensen
DAVID JENSEN PLLC
61 Broadway, Suite 1900
New York, New York 10006
Tel:  212.380.6615
Fax:  917.591.1318
*david@djensenpllc.com*

-3-

        David G. Sigale
        LAW FIRM OF DAVID G. SIGALE, P.C.
        739 Roosevelt Road, Suite 304
        Glen Ellyn, Illinois 60137
        Tel:  630.452.4547
        Fax:  630.596.4445
        *dsigale@sigalelaw.com*

        *Attorneys for Plaintiffs*