UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FECHTER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, </br></br>Plaintiffs,</br></br>-against-</br></br>LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police,</br></br>Defendants. | Case No. 3:11-cv-3134 |

**MOTION OF *AMICUS CURIAE* BRADY CENTER TO
PREVENT GUN VIOLENCE FOR LEAVE TO FILE AN
<u>*AMICUS* BRIEF IN SUPPORT OF DEFENDANTS</u>**

Through undersigned counsel, the Brady Center to Prevent Gun Violence seeks leave to file a brief as *amicus curiae* in this case for the facts and reasons stated below. The proposed brief is attached hereto as Exhibit A for the convenience of the Court and counsel.

The Brady Center to Prevent Gun Violence is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Through its Legal Action Project, the Brady Center has filed numerous briefs *amicus curiae* in cases involving both state and federal gun laws, including cases involving public carry regulations. *See, e.g., McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010); *United States v. Hayes*, 129 S. Ct. 1079, 1087 (2009) (citing amicus brief of Brady Center to Prevent Gun Violence); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *Bateman v. Perdue*, No. 5:10-CV-265-H (D.N.C. Jan. 20, 2011) (order granting application as "timely and useful").

District courts have inherent power to grant third parties leave to file briefs as *amici curiae*, particularly if they bring "a unique perspective or specific information that can assist the court beyond what the parties can provide." *See Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01-C-6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004) (citations omitted). Here, *amicus* brings a broad and deep perspective to the issues raised in this case and has a compelling interest in the federal courts' interpretation of Second Amendment issues. *Amicus* thus respectfully submits the attached brief to assist the Court with the constitutional issues in this case, including important matters of first impression under the Second Amendment.

The proposed brief provides an overview of recent and longstanding Supreme Court Second Amendment jurisprudence and the policy implications of extending the Second Amendment right beyond the home. The brief also discusses the emerging trend towards using a two-pronged approach to Second Amendment claims that asks (1) whether the law or regulation at issue implicates protected Second Amendment activity, and if so, (2) whether it passes the appropriate standard of review. *See, e.g.*, *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (en banc); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010). The brief concludes that the contested regulations pass both parts of the test because (1) the regulations do not implicate protected Second Amendment activity because they do not impact the right of law-abiding citizens to possess firearms in the home for the purpose of self-defense, and (2) that even if the regulations did implicate protected Second Amendment activity, it would survive both the appropriate level of review – the reasonable regulation test– and the slightly higher standard of intermediate scrutiny because it is a valid exercise of the state's police powers to enact legislation designed to protect public safety and the regulations are substantially related to an important government interest.

*Amicus*, therefore, respectfully submits the attached brief to assist the Court in deciding the complex and significant issues raised in this matter.

Dated: July 27, 2011

Respectfully submitted,

   s/ Robert J. Harris
Robert J. Harris
Harris Winick LLP
333 West Wacker Drive
Suite 2060
Chicago, Illinois 60606

Jonathan L. Diesenhaus
S. Chartey Quarcoo
Matthew C. Sullivan
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

Jonathan E. Lowy
Daniel R. Vice
Brady Center to Prevent Gun Violence
Legal Action Project
1225 Eye Street, N.W., Suite 1100
Washington, DC 20005

Counsel for *Amicus Curiae*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 27, 2011, I filed the foregoing Brief of *Amicus Curiae* Brady Center to Prevent Gun Violence in Support of Defendants through the Court's CM/ECF system, which will electronically serve this document on both Plaintiffs' and Defendants' attorneys as follows:

    David D. Jensen
    DAVID JENSEN PLLC
    708 Third Ave
    Sixth Fl
    New York, NY 10017
    E-mail: david@djensenpllc.com

    David G. Sigale
    LAW FIRM OF DAVID G. SIGALE, P.C.
    739 Roosevelt Road
    Suite 304
    Glen Ellyn, IL 60137
    Email: dsigale@sigalelaw.com

    Terence Corrigan
    Illinois Attorney General's Office - Springfield
    500 South Second Street
    Springfield, IL 62706
    E-mail: tcorrigan@atg.state.il.us

    Karen L. McNaught
    Illinois Attorney General's Office - Springfield
    500 South Second Street
    Springfield, IL 62706
    E-mail: kmcnaught@atg.state.il.us

                                                      s/ Robert J. Harris
                                                      Robert J. Harris

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on July 21, 2011, counsel for *amicus curiae* conferenced with both Plaintiffs' and Defendants' counsel. Defendants state that they consent to the filing of this *amicus* brief. Plaintiffs have not consented.

                                               s/ Robert J. Harris
                                               Robert J. Harris