UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FECHTER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> -against- <br><br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, <br><br> Defendants. | Case No. 3:11-cv-3134 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO SUPPLEMENT AUTHORITIES**

NOW COME the Plaintiffs, who respond to Defendants' motion to supplement authorities (Doc. No. 33) as follows:

1. Plaintiffs do not oppose Defendants' citation to Kachalsky v. Cacace, no. 10-CV-5413, 2011 U.S. Dist. LEXIS 99837 (S.D.N.Y. Sept. 2, 2011), but Defendants are incorrect in their claim that Kachalsky supplies the standards applicable to the present case. Apart from being unpersuasive, Kachalsky also conflicts with controlling Seventh Circuit precedents.

2. Kachalsky concerned New York's requirement that one show "proper cause" to obtain a license to carry a handgun. See id. at *5-6.

3. The Kachalsky court observed that Eighteenth and Nineteenth Century jurisprudence generally indicated that carry restrictions would be invalid "if functioning as *complete bans* to carrying weapons," but it found these decisions "inapposite" because the "proper cause" requirement "d[id] not operate as a *complete ban*." Id. at *72-73 (emphases

added).  Of course, the prohibition at issue in this case *is* a "complete ban."  Furthermore, Kachalsky placed relatively little weight on historical jurisprudence, but the Court of Appeals for the Seventh Circuit has directed courts to place primary reliance on jurisprudence showing the understanding from 1791 and 1868.  See Ezell v. Chicago, no. 10-3525, 2011 U.S. App. LEXIS 14108, *42-43 (7th Cir. Jul. 6, 2011).

  4. The Kachalsky court concluded that the Supreme Court "limited" its Heller ruling to the home.  See Kachalsky, 2011 U.S. Dist. LEXIS 99837 at *60.  This contradicts the Seventh Circuit's conclusion that "one of" the Second Amendment's protections is "keeping operable handguns at home for self-defense," and that "[w]hat other entitlements the Second Amendment creates, and what regulations legislatures may establish, *were left open*."  United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010) (en banc) (emphasis added).  The Kachalsky ruling also contradicts Ezell, where the Seventh Circuit found that one of these "entitlements" is the "right to train at a range," which exists separate and apart from the basic right to keep a firearm at home and is "an important corollary to the meaningful exercise of the core right to possess firearms for self-defense."  See Ezell, 2011 U.S. App. LEXIS 14108 at *59, 66-68.  This conclusion would have been impossible under Kachalsky's limited-to-the-home rationale.

  5. Finally, the Seventh Circuit has instructed that *stare decisis* reaches all statements that could not be "deleted" from a decision "without seriously impairing the analytical foundations of the holding."  Sarnoff v. Am. Home Prods. Corp., 798 F.2d 1075, 1084 (7th Cir. 1986).  Kachalsky did not apply this standard in rejecting *the Supreme Court's* interpretation of the right to "bear arms," a point that was critical to the Heller decision.

  NOW THEREFORE, Plaintiffs do not oppose Defendants' motion to cite Kachalsky.  However, the Kachalsky court's approach does not apply in the present case.

-3-

Dated: September 13, 2011

By: /s/ David D. Jensen
    David D. Jensen
DAVID JENSEN PLLC
61 Broadway, Suite 1900
New York, New York 10006
Tel: 212.380.6615
Fax: 917.591.1318
*david@djensenpllc.com*

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, Illinois 60137
Tel: 630.452.4547
Fax: 630.596.4445
*dsigale@sigalelaw.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2011, I presented the foregoing Plaintiffs' Response to Defendants' Motion to Supplement Authorities to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

>  Terence Corrigan [tcorrigan@atg.state.il.us]
>  Karen L. McNaught [kmcnaught@atg.state.il.us]
>  David A. Simpson [dsimpson@atg.state.il.us]
>  Illinois Attorney General's Office - Springfield
>  500 South Second Street
>  Springfield, IL 62706

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: September 13, 2011

David D. Jensen