IN THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS,
SPRINGFIELD DIVISION

---

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FLETCHER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS CARRY, </br>　　　　　　　Plaintiffs, </br></br>　　　v. </br></br> LISA MADIGAN, Attorney General of the State of Illinois, and HIRAM GRAU, Director of Illinois State Police, </br></br>　　　　　　　Defendants. | </br></br></br></br></br></br></br> No. 11 C 3134 </br></br></br></br></br></br> The Honorable </br> Sue E. Myerscough, </br> Judge Presiding. |

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION
## TO DISMISS AS MOOT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants moved to dismiss this case for lack of subject matter jurisdiction because the complaint no longer presents a live case or controversy. In their response, plaintiffs do not address defendants' argument that this case is moot because the Illinois General Assembly enacted the Firearm Concealed Carry Act, P.A. 98-0063, which amended the laws plaintiffs challenged and eliminated all defects identified by the Seventh Circuit. Instead, plaintiffs respond only that the case is not moot because they have a pending claim for attorneys' fees. For the following reasons, this Court should dismiss the case as moot and reserve the question of attorneys' fees for resolution after full briefing and argument:

1.   The cases cited by plaintiffs in response to the motion to dismiss establish that the question of mootness is distinct from the issue of attorneys' fees. For example, in *Zessar v. Keith*, 536 F.3d 788 (7th Cir. 2008), the Seventh Circuit held that the district court lacked jurisdiction to pass judgment on legislation after the enactment of new legislation mooted the case. *See id.* at 795. Even though the case was moot, however, the court retained jurisdiction to decide whether the plaintiff was a "prevailing party" and thus entitled to attorneys' fees (which, the Seventh Circuit held, the plaintiff was not). *See id.* at 795-98; *see also Palmetto Properties, Inc. v. County of Dupage*, 375 F.3d 542, 549-50 (7th Cir. 2011) (deciding, after case was dismissed as moot, whether attorneys' fees were appropriate); *Nat'l Rifle Assoc. v. City of Chicago*, 393 Fed. Appx. 390 (7th Cir. 2010) (unpublished) (remanding appeals as moot in light of new ordinances but noting that motions may still be filed in district court for attorneys' fees); *Young v. City of Chicago*, 202 F.3d 1000, 1000-01 (7th Cir. 2000) (per curiam) (reviewing award of attorneys' fees in case that was held moot). Plaintiffs' own authority thus demonstrates that a pending request for attorneys' fees does not in any way affect a motion to dismiss a case as moot. Defendants request the opportunity to respond to any motions for attorneys' fees at the appropriate time and reserve all arguments for such occasion.

2.   Plaintiffs have not responded to the argument — and implicitly concede — that this case is moot because the newly enacted law ended the controversy regarding the challenged laws' constitutionality. Should plaintiffs seek

to challenge any aspect of the new Act, they must file a new complaint. *See, e.g.*, *Lewis v. Continental Bank*, 494 U.S. 472, 482 (1990); *Nat'l Rifle Assoc.,* 393 Fed. Appx. 390 (unpublished) ("Plaintiffs are entitled to pursue [challenges to new ordinances] in new suits").

3. This Court should dismiss the case as moot and reserve judgment on attorneys' fees pending full briefing and argument on such motions (*see* Doc. 52).

July 16, 2013

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:   s/ Karl R. Triebel
KARL R. TRIEBEL, Bar # 6285222
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2391
FAX: (312) 814-5166
EMAIL: ktriebel@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on July 16, 2013, I electronically filed respondent's **Reply in Support of Motion to Dismiss As Moot** with the Clerk of the United States District Court for the Central District of Illinois using the CM/ECF system which will provide electronic notice to plaintiffs' counsel:

DAVID JENSEN PLLC
111 JOHN STREET, SUITE 230
NEW YORK, NEW YORK 10038
+ 1.212.380.6615 TEL
+ 1.917.591.1318  FAX
Email: david@djensenpllc.com

David G Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road
Suite 304
Glen Ellyn, IL 60137
630-452-4547
Fax: 630-596-4445
Email: dsigale@sigalelaw.com

By:     s/ Karl R. Triebel_____
KARL R. TRIEBEL, Bar No. 6285222
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2391
FAX: (312) 814-5166
E-MAIL: ktriebel@atg.state.il.us