IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS CARRY, <br><br>  Plaintiffs, <br><br> v. <br><br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, <br><br>  Defendants. | Case No. 3:11-CV-3134 |

**AGREED MOTION TO EXTEND TIME
FOR FILING REQUEST FOR ATTORNEY'S FEES**

NOW COME the Plaintiffs, MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS CARRY, by and through undersigned counsel, who submit this agreed motion to extend the time for filing a request for attorney's fees by an additional 40 days following the issuance of the mandate of the Seventh Circuit in the pending appeal of *Mary Shepard, et al v. Lisa Madigan*, 13-2661. In support, Plaintiffs state as follows:

1. The Court of Appeals for the Seventh Circuit reversed this Court's previous Order and Judgment (Doc. Nos. 38-39) on December 11, 2012. See *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). The Seventh Circuit stayed its mandate for 180 days (later extended by an additional 30 days) "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Id.* at 942.

2. The Seventh Circuit issued its mandate on July 9, 2013 (Doc. No. 50). Also on that date, HB 183, which provides a system for licensing the carry of handguns, became law.

3. Defendants filed a Motion to Dismiss arguing that the enactment of HB 183 renders this case moot (Doc. No. 51), which is still pending.

4. Plaintiffs' request for attorney's fees under 42 U.S.C. § 1988, which is part of the relief originally sought in Plaintiffs' Complaint, is still pending, and is thus intertwined with the mootness question that Defendants have raised. *See generally NRA of Am., Inc. v. Chicago*, 646 F.3d 992, 993-94 (7th Cir. 2012) (plaintiffs were prevailing parties because Supreme Court reversed in their favor, even though municipalities enacted corrective legislation before district court could enter injunction, and district court should have awarded attorney's fees).

5. CDIL-LR 54.1(A) requires Plaintiffs to file their request for attorney's fees "no later than 14 days after entry of judgment."

6. Plaintiffs' counsel must devote a considerable amount of time, and must confer with each other at length, to prepare a motion for attorney's fees under 42 U.S.C. § 1988. However, the Defendants have asserted they wish to raise the issue of whether Plaintiffs are entitled to fees, and both sides believe that there would be a benefit to pausing on the attorney fee issue in this case until after the Seventh Circuit rules in the pending *Shepard* appeal.

7. The Attorney General's Office (by its counsel Terrence Corrigan) has consented to this request to extend the date for filing a request for attorney's fees until 40 days after the mandate has issued from the Seventh Circuit in *Shepard v. Madigan* (13-2661).

NOW THEREFORE, Plaintiffs respectfully request that the Court extend the time for filing a request for attorney's fees until 40 days after the mandate issues from the Seventh Circuit in 13-2661.

Dated: September 3, 2013

By:  /s/ David G. Sigale
 David G. Sigale

DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
*david@djensenpllc.com*

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, Illinois 60137
Tel: 630.452.4547
Fax: 630.596.4445
*dsigale@sigalelaw.com*

*Attorneys for Plaintiffs*

**<u>NOTICE OF ELECTRONIC FILING</u>**

The undersigned certifies that:

      1.    On September 3, 2013, the Plaintiffs electronically filed their <u>Agreed Motion to Extend Time for Filing Request for Attorney's Fees</u> with the District Court Clerk *via* CM/ECF filing system;

      2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                                    /s/ David G. Sigale
                                                      One of the Attorneys for Plaintiff