## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS CARRY, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 11-cv-3134 |
| LISA MADIGAN, in her official capacity as Attorney General for the State of Illinois, and HIRAM GRAU, in his official capacity as Director of the Illinois State Police, ) ) ) ) ) ) | |
| Defendants. ) | |

## OPINION

Sue E. Myerscough, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss as Moot (d/e 51) filed by Defendants Lisa Madigan and Hiram Grau. Defendants' Motion is DENIED. A case or controversy still exists because Plaintiffs have not received the specific relief sought by Plaintiffs in the Amended Complaint.

Furthermore, this Opinion does not address whether Plaintiffs Michael Moore, Charles Hooks, Peggy Fetcher, Jon Maier, Second Amendment Foundation, Inc., and Illinois Carry are prevailing parties, and,

therefore, capable of obtaining attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiffs shall file a request for attorney's fees within 40 days of the Seventh Circuit's issuance of a mandate in <u>Shepard v. Madigan</u>, 13-2661. <u>See</u> Text Order entered on September 5, 2013.

## I. <u>BACKGROUND</u>

### A. Plaintiffs Challenged Illinois Statutes that, as Applied, Banned the Carrying of Firearms Outside of the Home in Illinois

On May 13, 2011, Plaintiffs filed an Amended Complaint alleging subsections 720 ILCS 5/24-1(a)(4) and (10) (2010) ("Unlawful Use of Weapons") and 720 ILCS 5/24-1.6 (2010) ("Aggravated Unlawful Use of a Weapon"), which prohibited all private citizens from carrying functional and accessible firearms outside of the home in Illinois, violated Plaintiffs' Second Amendment rights. <u>See</u> d/e 5. Plaintiffs sought an order declaring the challenged statutes unconstitutional, an injunction against enforcement of the statutes, and "such other and further relief, including further injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment or otherwise grant relief, or as the Court otherwise deems just and equitable." <u>See</u> d/e 5 at 10-11. Plaintiffs also sought attorney's fees pursuant to 42 U.S.C. § 1988. <u>See</u> d/e 5 at 11.

On July 27, 2011, Defendants filed a Motion to Dismiss the Amended Complaint for failure to state a claim.  See d/e 24.  On February 2, 2012, this Court granted Defendants' Motion to Dismiss the Amended Complaint finding the disputed statutes constitutional under the Second Amendment. See d/e 38.

Plaintiffs appealed that decision.  On appeal, this case was consolidated with a case from the Southern District of Illinois in which Judge William Stiehl had also found the Illinois statutes constitutional. Shepard v. Madigan, 863 F. Supp. 2d 774 (S.D. Ill. 2012).

On December 11, 2012, the Seventh Circuit reversed the District Courts' decisions and found the Unlawful Use of Weapons and Aggravated Unlawful Use of Weapons statutes unconstitutional, reasoning that the Second Amendment protects an individual's right to carry firearms outside of the home for self-defense purposes.  Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012).  The Seventh Circuit stated further that:

> The Supreme Court's interpretation of the Second Amendment therefore compels us to reverse the decisions in the two cases before us and remand them to their respective district courts for the entry of declarations of unconstitutionality and permanent injunctions.  Nevertheless we order our mandate stayed for 180 days to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public.

<u>Id.</u>

On June 4, 2013, Defendants requested a 30-day stay of issuance of the mandate, and, over Plaintiffs' objection, the Seventh Circuit stayed issuance of the mandate until July 9, 2013.

**B.   The Illinois Legislature Amended the Statutes at Issue To Permit the Carrying of Concealed and Partially Concealed, Functional, and Accessible Pistols, Revolvers, and Handguns Outside of the Home**

On May 31, 2013, both Houses of the Illinois General Assembly passed House Bill 183 to permit qualified, private individuals to carry a concealed or partially concealed, functional, and accessible pistol, revolver, or handgun outside of the home.  However, on July 2, 2013, Governor Pat Quinn used his amendatory veto power to propose additional restrictions on the carrying of such firearms in public.  On July 9, 2013, both Houses of the Illinois General Assembly overrode the Governor's amendatory veto of the Act thereby passing the Firearm Concealed Carry Act.  On that same day, and shortly before passage of the Firearm Concealed Carry Act, the Seventh Circuit issued the mandate.

The Firearm Concealed Carry Act, passed by both Houses of the Illinois General Assembly, provides that the Illinois Department of State Police shall issue a license to carry a concealed firearm to an individual who is at least 21 years old; has and would still qualify for a Firearm Owner's

Identification Card; has not been convicted or found guilty of a crime enumerated in Section 25 of the Firearm Concealed Carry Act; has submitted the required personal information required by Section 30 of the Firearm Concealed Carry Act; has paid $150 if a resident and $300 if a non-resident; has demonstrated that the individual "does not pose a danger to himself, herself, or others, or a threat to public safety as determined by the Concealed Carry Licensing Review Board;" can provide proof of completion of a firearms training course or combination of courses that involve at least 16 hours of training including range time; and that the training course or combination of courses has been approved by the Illinois Department of State Police.  430 ILCS 66/10, 75.  The Firearm Concealed Carry Act also gives the Illinois State Police 180 days to make applications available for individuals who desire an Illinois concealed carry permit license.  430 ILCS 66/10(d).  Once an application is submitted, the Illinois State Police have 90 days to review the application.  430 ILCS 66/10(e).

Further, the Firearm Concealed Carry Act did not repeal subsections 720 ILCS 5/24-1(a)(4) and (10) ("Unlawful Use of Weapons"), but rather, amended 720 ILCS 5/24-2 which sets forth the exemptions to prosecution for Unlawful Use of Weapons.  Now, individuals with a concealed carry permit license may carry a concealed or partially concealed, functional, and

accessible pistol, revolver, or handgun and will not be prosecuted pursuant

to 24-1(a)(4) and (10) ("Unlawful Use of Weapons").  Section 155 of the

Firearm Concealed Carry Act amends 720 ILCS 5/24-2 as follows:

Sec. 24-2.  Exemptions.

* * * *

(a-5) Subsections 24-1(a)(4) and 24-1(a)(10) do not apply
to or affect any person carrying a concealed pistol,
revolver, or handgun and the person has been issued a
currently valid license under the Firearm Concealed Carry
Act at the time of the commission of the offense.

The Illinois legislature also did not repeal but amended Section 24-1.6

("Aggravated Unlawful Use of a Weapon") to exempt from prosecution

individuals who carry a concealed or partially concealed, accessible, and

functional pistol, revolver, or handgun in public and have a valid license

under the Firearm Concealed Carry Act.  Section 24-1.6 now defines

Aggravated Unlawful Use of a Weapon as follows with the additions

underlined:

Sec. 24-1.6. Aggravated unlawful use of a weapon.

(a) A person commits the offense of aggravated unlawful
use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any
vehicle or concealed on or about his or her person except
when on his or her land or in his or her abode, legal

dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, loaded, and immediately accessible at the time of the offense; or

(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

(B) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense; or

(B-5) the pistol, revolver, or handgun possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not

been issued a currently valid license under the
Firearm Concealed Carry Act; or

(C) the person possessing the firearm has not
been issued a currently valid Firearm Owner's
Identification Card; or

(D) the person possessing the weapon was
previously adjudicated a delinquent minor under
the Juvenile Court Act of 1987 for an act that if
committed by an adult would be a felony; or

(E) the person possessing the weapon was
engaged in a misdemeanor violation of the Cannabis
Control Act, in a misdemeanor violation of the
Illinois Controlled Substances Act, or in a
misdemeanor violation of the Methamphetamine
Control and Community Protection Act; or

(F) (blank); or

(G) The person possessing the weapon had a
order of protection issued against him or her within
the previous 2 years; or

(H) The person possessing the weapon was
engaged in the commission or attempted
commission of a misdemeanor involving the use or
threat of violence against the person or property of
another; or

(I) The person possessing the weapon was
under 21 years of age and in possession of a
handgun as defined in Section 24-3, unless the
person under 21 is engaged in lawful activities under
the Wildlife Code or described in subsection 24-
2(b)(1), (b)(3), or 24-2(f).

430 ILCS 66/155.

**C.    The Northern District of Illinois and Illinois Supreme Court Have Addressed the Constitutionality of the Aggravated Unlawful Use of a Weapon Statute Since the Illinois Legislature's Passage of the Firearm Concealed Carry Act**

In a recent case before Judge Kendall in the Northern District of Illinois, a state defendant attempted to enjoin the Cook County State's Attorney from prosecuting the defendant under the Aggravated Unlawful Use of a Weapon statute by arguing that the Seventh Circuit had already found the statute unconstitutional in Moore v. Madigan.  Harper v. Alvarez, 2013 WL 3755355, at *2 (N.D. Ill. July 16, 2013).  Judge Kendall, in a well-written Opinion, abstained from enjoining the state prosecution explaining that the Seventh Circuit's decision regarding the constitutionality of an Illinois statute, or any federal court's decision other than a decision from the United States Supreme Court, is not binding on the Illinois state courts. Id. at *4.

Judge Kendall further explained that until the United States Supreme Court or the Illinois Supreme Court deems the Aggravated Unlawful Use of a Weapon Statute unconstitutional, the Illinois state courts are free to treat the Seventh Circuit's decision in Moore as persuasive authority.  Id. at *5.  Judge Kendall did not address the Illinois legislature's amendments to the Unlawful Use of Weapons or Aggravated Unlawful Use of a Weapon Statutes.

Subsequently, however, on September 12, 2013, the Illinois Supreme
Court determined that, on its face, section 24-1.6(a)(1), (a)(3)(A),
Aggravated Unlawful Use of a Weapon, effects a comprehensive ban on the
carrying of ready to use guns outside of the home and that the ban violates
the right to keep and bear arms, as guaranteed by the Second Amendment
to the United States Constitution.  People v. Aguilar, 2013 IL 112116, at **1,
7 (Ill. 2013).  In a footnote, the Illinois Supreme Court noted that
"[f]ollowing the decision in Moore, the General Assembly enacted the
Firearm Concealed Carry Act, which inter alia amended the AUUW statute
to allow for a limited right to carry certain firearms in public."  Id. at *8,
n.3.  The Illinois Supreme Court stated further that "[n]either the Firearm
Concealed Carry Act nor the amended AUUW statute were at issue" in
People v. Aguilar.  Id.  The Illinois Supreme Court's opinion did nothing
more than echo the Seventh Circuit's reasoning in Moore v. Madigan.

## D.   The Parties Contest Whether Passage of the Firearm Concealed Carry Act Moots this Case

On July 9, 2013, Defendants herein filed a Motion to Dismiss (d/e
51), arguing that the Illinois legislature's passage of the Firearm Concealed
Carry Act moots the controversy in this case.

On July 10, 2013, Plaintiffs filed a Consent Motion for Extension of
Time to File a Request for Attorney's Fees.  See d/e 52.  The Court granted

this Consent Motion giving Plaintiffs until September 11, 2013 to file a request for attorney's fees.  <u>See</u> Text Order entered on July 11, 2013.

On September 3, 2013, Plaintiffs filed an Agreed Motion To Extend Time For Filing Request For Attorney's Fees (d/e 56) requesting that the deadline for filing a request for attorney's fees be extended to 40 days after the Seventh Circuit has issued a mandate in <u>Shepard v. Madigan</u>,13-2661. <u>Shepard v. Madigan</u>, this case's companion case out of the Southern District of Illinois, is on appeal from Judge Stiehl's decision that the Illinois legislature's passage of the Firearm Concealed Carry Act mooted that case. This Court granted Plaintiffs' Agreed Motion To Extend Time For Filing Request For Attorney's Fees.  <u>See</u> Text Order entered on September 5, 2013.

On July 15, 2013, Plaintiffs filed a Response to Defendants' Motion to Dismiss as Moot arguing that the case is not moot because "[t]he Seventh Circuit left all remaining issues, including attorney's fees, for resolution on remand."  <u>See</u> d/e 53 at 2.  Defendants filed a Reply to Plaintiffs' Response on July 17, 2013.  <u>See</u> d/e 55.

## II.   <u>ANALYSIS</u>

In the Reply, Defendants argue that the Illinois legislature's override of the Governor's amendatory veto and passage of the Firearm Concealed Carry Act moots this case because a case-or-controversy no longer exists.

The case-or-controversy requirement subsists through all stages of federal proceedings, trial and appellate.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).  Furthermore, "[w]hen a challenged statute is repealed or significantly amended pending review, and a plaintiff seeks only prospective relief, a question of mootness arises."  Rembert v. Sheahan, 62 F.3d 937, 940 (7th Cir. 1995) (citing Associated General Contractors v. Jacksonville, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)).  To determine whether the Firearm Concealed Carry Act's amendments to the statutory provisions at issue have mooted the instant case, this Court must look at the plain language of the Firearm Concealed Carry Act along with "the environment, association and character of the statute in its field of operation, the history of previous legislation, the legislative history of the act, the nature of the defect sought to be remedied by its enactment, . . . and the time of taking effect."  1A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutory Construction: Interpretation of Repealing Statutes § 23.6 (7th Ed. 2009).

Notably, the legislature did not repeal the Unlawful Use of Weapons and Aggravated Unlawful Use of a Weapon statutes.  The Firearm Concealed Carry Act simply amended those statutes to allow individuals to obtain a license that will permit such individuals to carry a concealed or

partially concealed, functional, and accessible pistol, revolver, or handgun outside of the home.

So, in Illinois, an individual can still be charged pursuant to subsections 720 ILCS 5/24-1(a)(4) and (10), Unlawful Use of Weapons, when that individual illegally carries a firearm in public.  Specifically, subsections 24-1(a)(4) and (10) state that:

> (a)  A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * * *
>
> (4)  Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:
>
> (i) are broken down in a non-functioning state; or
>
> (ii) are not immediately accessible; or
>
> (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card; or
>
> ****
>
> (10)  Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or

therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(10) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

720 ILCS 5/24-1(a)(4) and (10).

However, the Firearm Concealed Carry Act amended 720 ILCS 5/24-2 to exempt from prosecution for Unlawful Use of Weapons those individuals with a valid license under the Firearm Concealed Carry Act, if such individual is carrying a concealed or partially concealed, functional, and accessible pistol, revolver, or handgun outside of the home.  Subsection 720 ILCS 5/24-2 now states:

Sec. 24-2.  Exemptions.

* * * *

(a-5) Subsections 24-1(a)(4) and 24-1(a)(10) do not apply to or affect any person carrying a concealed pistol, revolver, or handgun and the person has been issued a

<u>currently valid license under the Firearm Concealed Carry</u>
<u>Act at the time of the commission of the offense.</u>

730 ILCS 66/155.

Individuals also remain subject to prosecution under Section 24-1.6, Aggravated Unlawful Use of a Weapon, unless such individuals have a valid permit license under the Firearm Concealed Carry Act and if such individuals are carrying a concealed or partially concealed, accessible, and functional handgun, pistol, or revolver outside of the home.  Aggravated Unlawful Use of a Weapon is now defined as:

Sec. 24-1.6. Aggravated unlawful use of a weapon.

(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, loaded, and immediately accessible at the time of the offense; or

(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

(B) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense; or

(B-5) the pistol, revolver, or handgun possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card; or

(D) the person possessing the weapon was previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a felony; or

(E) the person possessing the weapon was engaged in a misdemeanor violation of the Cannabis Control Act, in a misdemeanor violation of the Illinois Controlled Substances Act, or in a

misdemeanor violation of the Methamphetamine
Control and Community Protection Act; or

(F) (blank); or

(G) The person possessing the weapon had a
order of protection issued against him or her within
the previous 2 years; or

(H) The person possessing the weapon was
engaged in the commission or attempted
commission of a misdemeanor involving the use or
threat of violence against the person or property of
another; or

(I) The person possessing the weapon was
under 21 years of age and in possession of a
handgun as defined in Section 24-3, unless the
person under 21 is engaged in lawful activities under
the Wildlife Code or described in subsection 24-
2(b)(1), (b)(3), or 24-2(f).

730 ILCS 66/155.

The Firearm Concealed Carry Act's plain language demonstrates the

Illinois legislature's intent to remove only Illinois' prohibition on the

carrying of concealed or partially concealed, functional, and accessible

pistols, revolvers, and handguns outside of the home.  The plain language

also demonstrates the legislature's intent to continue enforcement of the

Unlawful Use of Weapons and Aggravated Unlawful Use of a Weapon

statutes if an individual does not have a valid license under the Firearm

Concealed Carry Act and if an individual carries weapons other than a handgun, revolver, or pistol outside of the home.

In addition to the Firearm Concealed Carry Act's plain language, the legislature's intent to permit but regulate the carrying of firearms in public is exemplified by Senator Noland's comments during floor debates on May 31, 2013.  Senator Noland stated that the Firearm Concealed Carry Act will "strengthen existing law and gives us greater impetus to enforce mandatory reporting by healthcare providers, by school officials, and by law enforcement" of individuals who should not receive a concealed carry permit license.  Audio of Senate Floor Debate at 50:00, HB 183, May 31, 2013.  Members of the House and Senate echoed Senator Noland's concerns for providing for but regulating the carrying of certain firearms in public when members of both chambers noted, with unease, that a failure to pass concealed carry legislation could result in no regulation of the carrying of firearms in public.  See, e.g., Audio of Senate Floor Debate at 11:30, HB 183, May 31, 2013 (Senator Forby suggesting that not passing a concealed carry bill on or before June 9, 2013 could have ill effects on the ability to control the carrying of firearms outside of the home); see also Audio of House Floor Debate at 15:30, Second Reading of HB 183, May 31, 2013 (Representative Reboletti suggesting the same).

Obviously, the Illinois legislature has crafted a law that permits the carrying of concealed or partially concealed, functional, and accessible pistols, revolvers, and handguns in public but leaves in place regulations that control who can carry a concealed firearm and what type of concealed firearm the qualified individual may carry.  The legislature's action, therefore, addressed Illinois' complete ban on the carrying of ready-to-use firearms in public.

However, in Plaintiffs' Amended Complaint, Plaintiffs argued that 720 ILCS 5/24-1(a)(4) and (10) and 720 ILCS 5/24-1.6, which banned the carrying of stun guns, tasers, and all firearms outside of the home, were unconstitutional as applied.  Yet, in the Firearm Concealed Carry Act, the legislature only provided for the carrying of pistols, revolvers, and handguns outside of the home.  The legislature's actions clearly did not address Plaintiffs' claims in the Amended Complaint that 720 ILCS 5/24-1(a)(4) and (10) and 720 ILCS 5/24-1.6 unconstitutionally barred qualified individuals from carrying all firearms outside of the home in Illinois:

Sec. 24-1.  Unlawful Use of Weapons.

(a)     A person commits the offense of unlawful use of weapons when he knowingly . . . .

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the

land or in the legal dwelling of another person as an invitee with that person's permission, <u>any pistol, revolver, stun gun or taser or other firearm</u> . . .; or . . .

(10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, <u>any pistol, revolver, stun gun or taser or other firearm</u> . . .

(b)     Sentence.  A person convicted of a violation of subsection 24-1(a)(1) through (5), subsection 24-1(a)(10), subsection 24-1(a)(11), or subsection 24-1(a)(13) commits a Class A misdemeanor . . . .

Sec. 24-1.6.  Aggravated unlawful use of a weapon.

(a)     A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1)     Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, <u>any pistol, revolver, stun gun or taser or other firearm</u>; or

(2)     Carries or possesses on or about his or her person, upon any public lands within the corporate limits of a city, street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the

lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, <u>any pistol, revolver, stun gun or taser or other firearm</u>; and

(3)   One of the following factors is present:

(A)   The <u>firearm</u> possessed was uncased, loaded and immediately accessible at the time of the offense; or

(B)   the <u>firearm</u> possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense . . . .

(c)   Sentence.

(1)   Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

<u>See</u> d/e 5 at 8-9 (Amended Complaint) (emphasis added).

Furthermore, under the Firearm Concealed Carry Act, the Illinois State Police have 180 days from passage of the legislation to implement an application system so that qualified individuals may apply for and obtain a permit that would allow such individuals to carry a concealed or partially concealed, functional, and accessible pistol, revolver, or handgun in public.

Once an application is received, the Firearm Concealed Carry Act mandates that the Illinois State Police review the application within 90 days.

Plaintiffs clearly sought more than just an end to the carrying of concealed or partially concealed, functional, and accessible pistols, revolvers, and handguns in public.  In the Amended Complaint, Plaintiffs challenged the constitutionality of the Illinois statutes that barred private individuals from carrying <u>any</u> type of firearm in public.

Additionally, as of yet, no procedures are in place for qualified individuals to apply for and obtain a valid concealed carry license under the Firearm Concealed Cary Act.  As a result, not one person has received the relief Plaintiffs sought in the Amended Complaint, namely, an opportunity to carry a concealed or partially concealed firearm outside of the home. Indeed, the continued inability to obtain a valid permit license under the Firearm Concealed Carry Act is the basis at issue in plaintiffs' appeal in this case's companion case out of the Southern District of Illinois.  <u>See</u> <u>Shepard v. Madigan</u>, 132661.  Because issues raised in Plaintiffs' Amended Complaint remain in controversy, the Court must deny Defendants' Motion to Dismiss as Moot.

### III.   <u>CONCLUSION</u>

Defendants' Motion to Dismiss as Moot (d/e 51) is DENIED.

Plaintiffs shall file any request for attorney's fees pursuant to 42 U.S.C. § 1988 within 40 days after issuance of the mandate from the Seventh Circuit in <u>Shepard v. Madigan</u>, 13-2661.  Any brief filed on or before this deadline shall address any award of costs and fees in this case.  This matter is set for status conference on October 21, 2013 at 1:30 p.m.

IT IS SO ORDERED.

ENTER: October 9, 2013

FOR THE COURT:                    <u>s/ Sue E. Myerscough</u>
                                 SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE