IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS CARRY, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:11-CV-3134 |
| v. ) ) | |
| LISA MADIGAN, in her official capacity as Attorney General of the State of Illinois, and HIRAM GRAU, in his official capacity as Director of the Illinois State Police, ) ) ) ) ) | |
| Defendants. ) | |

**MOTION TO RECONSIDER ORDERS ON MOTIONS FOR DISCOVERY AND FOR AN EXTENSION OF TIME**

COME NOW the Plaintiffs, MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS CARRY, by and through counsel, and move this Honorable Court to reconsider its Order of January 2, 2014, granting Defendants leave to conduct Section 1988 discovery and granting them an extension of time for a Response Brief as to Plaintiffs' pending fee petition.

**PRELIMINARY STATEMENT**

1. Defendants filed their Motions for discovery and an extension of time to respond to Plaintiffs' Section 1988 fee petition on December 30, 2013, which was of course just prior to New Year's Eve and New Year's Day. Though Plaintiffs were allowed until January 16, 2014 (*See* ECF Notice to Dkt. 66, 67), to respond to Defendants' Motions, the Court granted the Motions on January 2, 2014, without affording Plaintiffs any opportunity to respond.

Plaintiffs strongly oppose both Motions and wish a fair opportunity to express their opposition. In the alternative, the Defendants' Motions should have been denied outright.

## STATEMENT OF FACTS

2. On July 9, 2013, the State enacted remedial legislation pursuant to the Seventh Circuit's judgment. In so doing, the State abandoned its ability to pursue the petition for a *writ of certiorari* for which it had twice sought and received an extension of time to file from Justice Kagan. At that moment, Plaintiffs' standing as prevailing parties was cemented, and an award of attorney's fees and costs became unavoidable.

3. On July 10, 2013, Plaintiffs moved for a sixty-day extension of time to file their attorney fees motion. Defendants allowed Plaintiffs to represent, in so doing, that "both parties have expressed an interest in attempting to settle Plaintiffs' claim for attorney's fees without the necessity of Plaintiffs filing a motion with the Court." Dkt. 52, ¶ 6. The next day, the Court granted the July 10 extension request.

4. Plaintiffs immediately commenced their efforts to settle the question of attorney fees and costs, to no avail.

5. On August 16, 2013, following Defendants' representations that they wished to resolve this matter, and upon their request, Plaintiffs forwarded to Defendants their lodestar information, including rates, time entries, and expenses, and invited Defendants to respond.

6. On August 30, 2013, Defendants advised Plaintiffs that they would not be responding to Plaintiffs' demands, because they believed that Plaintiffs were somehow not "prevailing parties" under 42 U.S.C. § 1988.

7. Thus, on September 3, 2013, with Defendants clinging to their "prevailing party" theory, Plaintiffs filed an agreed motion to again extend the time to file their motion for attorney

fees and expenses.

8.      On September 5, 2013, the Court granted this second request for an extension, and ordered that the motion for attorney fees and costs would be due within 40 days after the mandate had issued in *Shepard* v. *Madigan*, No. 13-2661.  On October 9, 2013, the Court issued an opinion that reiterated this deadline.

9.      On October 21, 2013, the Court conducted a status conference, following which it set the deadline for the attorney fees and costs motion at 40 days following the opinion in *Shepard*.  On November 7, 2013, upon request for clarification of this deadline, the Court ordered:

> Plaintiffs shall file a memorandum on the issue of attorney's fees and costs on or before December 16, 2013. Defendants shall file any Response on or before December 30, 2013. At this time, the Court does not believe that a Reply to the Response is necessary. The Court will notify Plaintiffs if a Reply becomes necessary. Furthermore, the parties shall contact the Court immediately if the parties settle the issue of attorney's fees and costs.

10.     At *no time throughout these proceedings*—not in representing to the Court that they were interested in settling, not as part of any of the motions relating to the scheduling of this matter, and certainly not in the months that they have had Plaintiffs' lodestar submissions—had Defendants suggested that they needed any additional information from Plaintiffs—*let alone discovery*—to respond to the motion for attorney's fees and expenses.

11.     On December 30, 2013, Defendants failed to respond to Plaintiffs' motion for attorney fees and costs. Instead, they requested, for the first time, to take apparently unlimited discovery, including depositions of counsel, and an indefinite extension to respond to the motion following discovery.  According to the ECF notice upon the filing of those Motions, Plaintiffs were given until January 16, 2014 to respond to the Motions, which are contested and not-at-all

routine. This Court granted those Motions on January 2, 2014.

## ARGUMENT

12.     "A request for attorney's fees should not result in a second major litigation." *Hensley* v. *Eckerhart*, 461 U.S. 424, 437 (1983). Discovery is not allowed as a matter of course in fee disputes under 42 U.S.C. § 1988, and it should not be allowed on the record in this case.

13.     Discovery should only be permitted where it would assist the Court in resolving some issue (*See Martinez* v. *Schock Transfer & Warehouse Co., Inc.*, 789 F.2d 848, 850 (10th Cir. 1986)), but Defendants have not even identified the issues on which they require discovery. A generalized interest in not paying fees exists in *every* Section 1988 dispute. Discovery does not.

14.     Indeed, it is unclear as to what motion Defendants are reacting, in claiming that Plaintiffs seek "nearly $400,000 in attorney fees and over $8,000 in costs." Dkt. 66 ¶ 5. The Motion that Plaintiffs filed requests $223,000.29 in attorney fees and $3,193.29 in costs. This is a relative bargain, considering that the *Shepard* plaintiffs seek over $640,000 in fees and costs. It is unclear whether Defendants' incredibly inflated math was due to poor addition or a deliberate attempt to influence this Court into granting its Motions.

15.     Considering how inaccurate Defendants are in even citing the amounts Plaintiffs request, it is unsurprising that Defendants' motion is substantially incomplete, failing to even offer a reason as to why discovery is necessary, let alone any argument or precedent. Plaintiffs have submitted a meaningful volume of materials supporting their request. It cannot reasonably be said to be vague or lacking in support. Yet Defendants utterly fail to explain why the copious material offered in support of Plaintiffs' request might fall short or require elucidation. While Plaintiffs would have opposed any request for discovery, the instant motion is particularly

egregious as it offers absolutely no limitation as to scope, time, or issues for discovery. The Court should not open discovery without at least understanding how or why discovery would "be of assistance in resolving the issue." *Martinez*, 784 F.3d at 850.

16.     This lack of necessity is laid bare by Defendants' assertion they need discovery because they did not take any during the merits of the case, since Plaintiffs appealed the denial of their Motion for Preliminary Injunction. There is no possible relevance of this fact to the instant issue – discovery was not necessary during the merits phase of this case (a fact which ultimately saved judicial economy and which also saved the State time and money), but there is absolutely no relationship between what may been elucidated during the merits phase and this phase. It is almost as if the State is saying that it wants to take discovery on *something*, and since there was none earlier it should get to do it now. This "apples and oranges" argument is wasteful and unfair to Plaintiffs.

17.     Were Defendants truly concerned with saving taxpayer money, they would have at least made some attempt to negotiate with the Plaintiffs. Refusing to negotiate, and clinging to discredited theories as to the prevailing party status, merely guarantees the multiplication of this litigation. Plaintiffs' counsel are, after all, entitled to recover their fees and costs incurred in seeking an award under 42 U.S.C. § 1988. That includes the time and money spent responding to discovery, including the unwarranted discovery the State wishes to conduct now.

18.     As noted *supra*, apart from seriously inflating the amount of money sought by Plaintiffs, and claiming a generalized interest in avoiding the payment of fees, Defendants provide absolutely no explanation of *why* discovery is necessary, let alone as to what topics Defendants would explore.

19.     Even if Defendants could at one time have sought discovery, the time to seek

discovery was July 10, the day after Defendants' liability was cemented, when the deadlines for Plaintiffs' motion were first before the Court, or August 16, 2013, when Defendants first received Plaintiffs' fee and cost request, or September 3, 2013, when the parties again sought to extend the deadline for Plaintiffs' motion, or perhaps at the October 21 status conference, or even upon the filing of Plaintiffs' motion.

20. Instead, this sort of gamesmanship evinces a profound lack of respect for Plaintiffs and their counsel.  To play games, ignore, delay, and utterly fail to cooperate with the Section 1988 process—until the oft-extended deadline for responding to a fee motion passes, and only *then* to make nebulous claims to unlimited discovery with which to harass counsel—is not well-taken.  It is presumptuous, to say the least, to wait until the day of a deadline to drop a surprise request for an indefinite extension and unlimited discovery.  Plaintiffs would not have waited until the day of their deadlines to seek an open-ended extension.  Had they done so, Defendants would doubtless have argued that Plaintiffs had forfeited their rights.

21. Local Rule 7.1(B)(2) provides in pertinent part: "If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."

22. The motion for attorney's fees and costs stands unopposed. It should be granted. The motions for discovery and an extension of time should be ultimately denied.

WHEREFORE, the Plaintiffs, MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS CARRY, respectfully request this Honorable Court to reconsider its January 2, 2013, Order granting Defendants' Motions of December 30, 2013, and to either deny those Motions in their entirety, or to grant Plaintiffs the opportunity to file Responses in Opposition to those Motions. Plaintiffs also request any and all relief deemed just and proper.

                                                   Respectfully submitted,

                                                     /s/ David G. Sigale
                                                 One of the Attorneys for Plaintiffs

DAVID JENSEN PLLC
61 Broadway, Suite 1900
New York, New York 10006
Tel:  212.380.6615
david@djensenpllc.com
Admitted *pro hac vice*

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

Attorneys for Plaintiffs

**NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

      1.    On January 2, 2014, the Plaintiffs electronically filed their <u>Motion to Reconsider Orders on Motions for Discovery and For an Extension of Time</u> with the District Court Clerk *via* CM/ECF filing system;

      2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                    /s/ David G. Sigale
                                                  One of the Attorneys for Plaintiff