UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FECHTER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, <br><br> Plaintiffs, <br><br> -against- <br><br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, <br><br> Defendants. | Case No. 3:11-cv-3134 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
RENEWED MOTION TO DISMISS**

Although the Seventh Circuit granted Plaintiffs relief on their substantive claim – to wit, a ruling that the State's previous ban on bearing functional handguns in public violated their Second Amendment right to "bear Arms" – Plaintiffs' claim for attorney's fees and costs pursuant to 42 U.S.C. § 1988 remains pending before this Court. Defendants are therefore incorrect in their claim that "no available relief" remains in this action. State Br.[1] p. 4.

Defendants' renewed motion conflates mootness of the primary claim with jurisdiction over the ancillary claim. Plaintiffs do not dispute (and have never disputed) that the State's compliance with the Seventh Circuit's ruling gave Plaintiffs the relief that their declaratory and injunctive claims sought. But this still leaves pending Plaintiffs' claim for attorney's fees, a claim over which this Court retains jurisdiction. And in light of the fact (acknowledged by Defendants) that Plaintiffs seek no further declaratory or injunctive relief, Defendants' renewed

---
[1] Memorandum of Law in Support of Renewed Motion to Dismiss (Doc. No. 73).

motion represents nothing but an unnecessary waste of time and resources – not only for this Court, but also for the Plaintiffs and their counsel, and ultimately, for the taxpayers of the State of Illinois.[2]

The only apparent reason for Defendants' renewed motion is to bolster their claim that Plaintiffs are not prevailing parties because the State of Illinois allegedly "voluntarily" complied with the Seventh Circuit's ruling before it became necessary to issue an injunction. But the Seventh Circuit has already rejected this claim in decisions that cannot be meritoriously distinguished from the case at bar. *See NRA of Am., Inc. v. Chicago*, 646 F.3d 992, 994 (7th Cir. 2011); *Palmetto Props., Inc. v. DuPage*, 375 F.3d 542, 549-50 (7th Cir. 2004). Moreover, there is no reason that the State cannot present this (and its other varied and sundry defenses) in the briefings submitted in respect of Plaintiffs' motion for fees.

Since the apparent objective of Defendants' present motion is to *re*frame the contours of the prevailing party issue, it is appropriate to clear the air on this point. It is beyond any reasonable dispute that a party "prevails" in litigation when it obtains a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *accord, e.g.*, *Breneisen v. Motorola, Inc.*, 656 F.3d 701, 706 (7th Cir. 2011); *Zessar v. Keith*, 536 F.3d 788, 795 (7th Cir. 2008). Hence, Defendants' assertion that "the plaintiffs ha[ve] not received the relief sought in their complaint" because it never became necessary for this Court to issue an injunction (State Br. p. 1) misstates the issue. The question is whether the Seventh Circuit's ruling changed the parties' relationship,

---

[2] Incredibly, Defendants concurrently argue that should not have to pay the attorney's fees for Plaintiffs' responses to this renewed motion and their previous motion. *See* Doc. No. 70 p. 22. While Plaintiffs plainly needed to respond to Defendants' baseless motion, even were this not the case, Defendants' unreasonable and vexatious multiplication of these proceedings would be a manifestly appropriate basis for shifting fees under 28 U.S.C. § 1927.

not whether Defendants resisted the Seventh Circuit's ruling to the point that it became necessary to take further action to coerce their compliance.

**I.    BACKGROUND**

Plaintiffs' Amended Complaint challenges the State of Illinois's former prohibition on carrying handguns as violating the people's right to bear arms, and it seeks declaratory and injunctive relief against enforcing this ban, as well as – significantly – attorney's fees and costs. *See* Amended Complaint (Doc. No. 5), Prayer (i)-(iv).  Both parties each made only one motion for relief on the merits.  Plaintiffs moved for a preliminary injunction, and because "[t]his action d[id] not present any significant issues of fact," Plaintiffs requested that the Court "advance trial on the merits with the hearing of this motion" pursuant to Fed. R. Civ. P. 65(a)(2).  Doc. No. 13 p. 2.  Defendants then moved to dismiss this suit on the ground that it failed to state a claim on which relief could be granted.  *See* Doc. No. 24.  The Court denied Plaintiffs' motion and granted Defendants' cross-motion in a decision issued on February 3, 2014.  *See* Doc. No. 38.

The Court of Appeals for the Seventh Circuit disagreed, finding that "[t]he Supreme Court's interpretation of the Second Amendment . . . compels us to reverse . . . and remand . . . for the entry of declarations of unconstitutionality and permanent injunctions," but it provided a stay to allow the State to adopt legislation that would "impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public."  *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).  Since the Seventh Circuit issued its decision on December 11, 2012, the State of Illinois has *not* been free to continue on with its general ban on carrying handguns in force.  The Seventh Circuit's ruling would have precluded enforcement of sections -1 and -1.6 of 720 ILCS 5/24, had the State not

enacted the Firearms Concealed Carry Act as law on July 9, 2013.  *See* 2013 Ill. Laws 63; *see also Shepard v. Madigan*, 734 F.3d 748, 749 (7th Cir. 2013).

Notwithstanding this, on the same day that the Illinois legislature enacted the legislation that the Seventh Circuit had mandated, Defendants filed their original motion to dismiss Plaintiffs' action.  Doc. No. 51.  The Court denied this motion on October 10, 2013.  Doc. No. 57.  Defendants did not appeal this ruling, nor did they seek reconsideration.  They now attempt to re-litigate it.

II.  **PLAINTIFFS' CLAIM FOR FEES AND COSTS UNDER 42 U.S.C. § 1988 REMAINS BEFORE THE COURT**

The fact that Plaintiffs have obtained the primary relief they sought in this suit does nothing to detract from this Court's power to "make such disposition of the whole case as justice may require," as the Court retains power to adjudicate "other matters of judicial administration and practice reasonably ancillary to [its] primary, dispute-deciding function."  *United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994) (quotations omitted).  "In particular a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party."  *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000).  Here, Congress has enacted 42 U.S.C. § 1988, thereby authorizing the Court to award attorney's fees to parties that prevail in claims asserted under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1988(b).  The fact that there is no longer a live § 1983 controversy – a consequence that is a direct result of the fact that Plaintiffs have prevailed – is irrelevant.

One need look no further than the Seventh Circuit's 2011 decision in *NRA v. Chicago* for a refutation of Defendants' claim that this Court should dismiss this suit in its entirety.  The *NRA* decision came after the Supreme Court had invalidated Chicago's handgun ban in *McDonald v.*

*Chicago*, 561 U.S. 742 (2010), and after the Chicago City Council had accordingly enacted a new law to regulate handgun possession. *See NRA*, 646 F.3d at 993. After observing that the new law had "made the litigation moot" and "did not keep the current suits alive," the *next* sentence of the court's decision observed that, still, "Plaintiffs' requests for attorneys' fees under 42 U.S.C. §1988(b) *remained for decision.*" *Id.* (emphasis added).

Moreover, it is significant that Plaintiffs' claim for attorney's fees is a claim that can only be asserted in the case at bar. The Supreme Court has expressly held that Plaintiffs cannot pursue a separate suit to recover their § 1988 attorney's fees and costs. *See North Carolina DOT v. Crest Street Community Council, Inc.*, 479 U.S. 6, 12 (1986); *see also Dickie v. Tomah*, 999 F.2d 252, 254 (7th Cir. 1993). Thus, not only does this Court still have jurisdiction over Plaintiffs' remaining claim, it is this Court, alone, that has the power to decide this matter.

Thus, Defendants' purported "motion to dismiss as moot," folded as it is into Defendants' false claim that Plaintiffs have not prevailed, is meritless. There is no basis for dismissing this action in its entirety.

### III. DEVELOPMENTS FOLLOWING THIS COURT'S OCTOBER RULING DO NOT JUSTIFY DISMISSAL

Defendants are incorrect in their claim that developments subsequent to this Court's October 10, 2013 ruling justify their renewed motion to dismiss. First, contrary to Defendants' suggestion, Plaintiffs did not suddenly change course and announce after the ruling that they were no longer seeking "any additional relief on the merits." State Br. p. 2. To the contrary, and as stated above, Plaintiffs have consistently stated that the issue remaining before this Court, and the issue on which they continue to seek relief, is "Plaintiffs' claim for attorney's fees under 42

U.S.C. § 1988." Opp. to First Motion[3] p. 1.  This is not a new position, and has been stated and reiterated in both the written pleadings and in open Court.

Nor does the Seventh Circuit's decision in *Shepard v. Madigan*, 734 F.3d 748 (7th Cir. 2013), justify dismissal.  *See* State Br. p. 2.  Rather, in that case the court clarified that "our mandate [in *Moore*] set a deadline for the enactment of a statute that would replace the statute that we were invalidating," and that the delay involved in implementing the Concealed Carry Act was "not a violation of our mandate." *Shepard*, 734 F.3d at 752.  The scope of the *Moore* decision was simply "to specify a deadline for the state to enact a new law.  It met the deadline." *Id.*  It is significant that since this ruling, the plaintiffs in *Shepard* have submitted a claim for their own attorney's fees and costs – a claim that, at $641,091.65, *far* exceeds the amount charged by the three attorneys who handled the present case. *See* Doc. No. 106 in *Shepard v. Madigan*, no. 3:11-cv-405 (C.D. Ill. Dec. 27, 2013).

Also significant is the ultimate outcome of *Log Cabin Republicans v. United States*, 658 F.3d 1162 (9th Cir. 2011), the decision that the Seventh Circuit relied upon to justify the proposition that "[a] case challenging a statute's validity normally becomes moot if the statute is repealed or invalidated." *See Shepard*, 734 F.3d at 750.  In *Log Cabin*, the District Court had invalidated the military's "Don't Ask, Don't Tell" policy, and Congress had repealed the policy during the pendency of the government's appeal to the Ninth Circuit. *See Log Cabin*, 658 F.3d at 1165.  The Ninth Circuit concluded (correctly) that the legislative amendment mooted the appeal, *see id.* at 1165-66, but this did not end the litigation *in toto*.  Rather, on remand the plaintiffs filed a motion for prevailing party attorney's fees, and (at the apparent suggestion of

---

[3] Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Complaint as Moot (Doc. No. 53).

the court) the government ultimately settled the plaintiffs' claim. *See* Doc. Nos. 326, 336 & 338 in *Log Cabin Republicans v. United States*, no. 2:04-cv-8425 (C.D. Cal.).[4]

Finally, the fact that the Illinois State Police have begun issuing licenses to carry handguns also does not represent some new or changed circumstance subsequent to the Court's October 2013 ruling. *See* State Br. p. 2. Quite to the contrary, in October 2013 all parties anticipated that ISP would begin doing just this. For that matter, Plaintiffs had for years anticipated that success on the merits would likely result in the legislature enacting and implementing a licensing law. Plaintiffs' moving papers submitted to this Court expressly observed that Illinois was the only state in the country that did not provide a mechanism allowing law abiding citizens to carry handguns for protection, and that the mechanism provided in most other states was a licensing scheme. *See* Doc. No. 13 p. 1; Doc. No. 14 p. 1 & n.1. At the oral argument held on August 4, 2011, Plaintiffs expressly observed that the Illinois legislature might well "conclude that more onerous requirements [than those required for a Firearms Owners Identification card] ought to be imposed" in order to obtain permission to carry a handgun in public, but that "the role of this Court isn't to instruct the state legislature how it should regulate the issue." *See* Transcript (Doc. No. 37) pp. 38:21-39:4. The fact that the State has now implemented relief in the manner foreseen by the Plaintiffs shows only that the Plaintiffs did indeed succeed in obtaining the relief they sought – and that they are now entitled to recover their attorney's fees in the ancillary proceeding that remains before this Court.

---

[4] Of course, in the case at bar Defendants represented to this Court that they were going to attempt to settle Plaintiffs' claim during a July 10, 2013 telephone conference, memorialized in the consent motion filed later that same day (Doc. No. 52 p. 2 ¶ 7). Defendants thereafter refused to make *any* settlement offer, preferring instead to unnecessarily multiply these proceedings by asserting every objection they could conceive.

## IV. CONCLUSION

Defendants' reasoning, if adopted, would immunize virtually all civil rights defendants from the obligation to pay attorney's fees to prevailing plaintiffs: all but the most recalcitrant defendants, who pushed the bounds so far that it actually became necessary to enjoin them – or (why stop there?) to hold them in contempt – would be able to follow Defendants' lead and assert that they had "voluntarily" complied with adverse and final court rulings. This untenable result would contravene Congress's plain intent in enacting § 1988. Plaintiffs, as prevailing parties, have earned the right to have their motion for § 1988 attorney's fees heard, and this lawsuit, in this Court, remains the proper (and only) vehicle for presenting the issue. Defendants' motion should be denied.

Dated: May 20, 2014

By: s/ David D. Jensen
David D. Jensen
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, Illinois 60137
Tel: 630.452.4547
Fax: 630.596.4445
dsigale@sigalelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, I electronically filed the foregoing Opposition to Defendants' Renewed Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to the following individuals:

Terence Corrigan [tcorrigan@atg.state.il.us]
Karen L. McNaught [kmcnaught@atg.state.il.us]
Illinois Attorney General's Office - Springfield
500 South Second Street
Springfield, IL 62706

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: May 20, 2014

                                                s/ David D. Jensen
                                                David D. Jensen