E-FILED
Wednesday, 04 June, 2014  01:21:00 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL MOORE; CHARLES HOOKS; | ) | |
| PEGGY FECHTER; JON MAIER; SECOND | ) | |
| AMENDMENT FOUNDATION, INC.; and | ) | |
| ILLINOIS CARRY, | ) | |
| | ) | Case No. 3:11-cv-3134 |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| LISA MADIGAN, in her Official Capacity as | ) | |
| Attorney General of the State of Illinois; and | ) | |
| HIRAM GRAU, in his Official Capacity as | ) | |
| Director of the Illinois State Police, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO INTERROGATORIES

David Jensen responds to Defendants' Interrogatories pursuant to the Federal Rules of Civil Procedure, notably Rules 26 and 33 and the Local Rules of this Court, as follows:

1. State the fee arrangement between each of the plaintiffs and each of their attorneys. In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers.  If this is a contingency agreement, state the hourly rate that your attorney will charge the defendants, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C. §1988.  If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment.

RESPONSE:  The retention agreements provide that Plaintiff Second Amendment Foundation, Inc. ("SAF") will pay David Jensen's legal fees, and that the other Plaintiffs will not pay David Jensen's legal fees.  The retention agreement between SAF and David Jensen addresses fees as follows:

> We have agreed that the reasonable market value for my services is $450 per hour, but that we will charge SAF the discounted rate of $125 per hour.  In the event we obtain an award of attorney's fees and costs, we will seek an award that is based on market rates, rather than the discounted rate provided to SAF, and we will reimburse SAF *pro rata* up to the amount that SAF has paid.  We will retain

1

the balance of any fee award as compensation for our services, and we both acknowledge that this is a material aspect of our compensation in this representation.

2. State the contractual hourly fee each attorney representing plaintiffs regularly and customarily charges his or her clients.  For each such response, state to which attorney you are referring and the type of law for which this payment was made.

RESPONSE:  David Jensen does not have a "regular and customary" hourly rate.  David Jensen handles a caseload of commercial cases and a caseload of Second Amendment cases.  Virtually all of the commercial cases that David Jensen currently handles are billed on a contingent basis, a flat-fee basis, or a combined flat-fee and contingent basis, rather than on the basis of hourly rates.  As stated in the Declaration of David D. Jensen, supplied previously, David Jensen established a rate structure of $350 per hour for non-complex commercial cases and $450 per hour for complex litigation when organizing David Jensen PLLC in March 2011.  David Jensen's rate structure for Second Amendment cases is the discounted public interest rate structure detailed in response to the above Interrogatory No. 1, and also described in David Jensen's declaration, with the qualification that for the past two years the discounted rate used in such fee agreements has been $200 per hour, rather than $125 per hour.

During 2011 and 2012, David Jensen performed work on approximately five non-complex commercial matters on an hourly basis as "Of Counsel" to DeOrchis & Partners, LLP in New York, New York.  The regular and customary rate for these matters was $350 per hour.

Prior to organizing David Jensen PLLC in March 2011, David Jensen was associated with two firms.  At those firms, David Jensen had a regular and customary rate of $325 per hour (at Duane Morris LLP in Newark, New Jersey in 2011), and prior to that, a regular and customary rate of $435 per hour (at Blank Rome LLP in New York, New York in 2010).

3. List all clients by name who have actually paid the hourly rate plaintiffs' counsel claim they customarily charge their clients.  For each such entry, identify the case in which the client was represented, including the name of the case, the docket number, and the court where any case was filed.  If any appeal was taken, list the name of the case, the docket number on appeal, the citation to any published decision, and the court where the case was decided.

RESPONSE:  Plaintiffs object that this Interrogatory seeks information that is potentially protected by the attorney-client privilege.  Plaintiffs further object that this Interrogatory seeks information that is outside the possession, custody, or control of Plaintiffs or of

David Jensen.  Plaintiffs further object that it would be unduly burdensome, expensive, and practically impossible to fully respond to this Interrogatory, given that it lacks any restriction as to time or scope.  Plaintiffs further object that the only relevant time period is early 2011, when David Jensen chose to organize David Jensen PLLC and pursue Second Amendment work, rather than returning to practice in a New York City corporate law firm.  The rate of $450 per hour is an imminently reasonable (and conservative) measure of this opportunity cost.

In an attempt to respond to the extent possible, David Jensen recalls that the following clients retained and paid David Jensen on the terms set forth in response to Interrogatory number 2 in the following matters during the past five years:

*Prior to organization of David Jensen PLLC in March 2011:*

David Jensen can recall that the following clients paid hourly fees in accordance with the rates established by his prior firms (Blank Rome LLP and Duane Morris LLP), as previously detailed in the Declaration of David D. Jensen and set forth in response to the above Interrogatory No. 2:

Thomas Miller Americas, Inc. and Japan P&I Club

*Indemnity Ins. Co. of North America v. K-Line America, Inc.*, no. 1:06-cv-00615, United States District Court for the Southern District of New York.

*Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co.*, no. 07 C 5675, United States District Court for the Northern District of Illinois, appealed to the Court of Appeals for the Seventh Circuit as nos. 11-2949 and 11-2967 and reported at 696 F.3d 647 (7th Cir. 2012).  [David Jensen was not involved with the appeal.]

Asset Management Associates of New York, Inc.

*Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, no. 08-CV-1489, United States District Court for the Eastern District of New York.

Abramson Brothers, Inc.

*Fifty East Forty Second Street v. Schindler Elevator*, no. 600533/2007, New York Supreme Court for New York County.

First American Title Insurance Co.

*Brimberg v. O'Mara*, no. 107285/2007, New York Supreme Court for New York County.

There are additional clients and matters that David Jensen cannot recall.

*Since organization of David Jensen PLLC in March 2011:*

> West of England Protection & Indemnity Club
>
> > *Great Lakes Business Trust v. M/T Orange Sun*, no. 1:08-cv-00941, United States District Court for the Southern District of New York, appealed to the Court of Appeals for the Second Circuit as no. 12-1270 and reported at 523 Fed. Appx. 780 (2d Cir. 2013).  [David Jensen was not involved in the appeal.]
>
> Sweeteners Plus, Inc.
>
> > David Jensen did some work in connection with claims against (*inter alia*) companies called FastForward and Archangel World Investment, Inc. and an individual named Claire Ambrosio.  Litigation was filed in federal courts in Florida and California.  David Jensen does not know the names or docket numbers of these cases.
>
> Geogas, Inc.
>
> > *Geogas, Inc. v. Sunoco, Inc.*, no number, arbitration at New York before the Society of Maritime Arbitrators, Inc.
>
> Caribe Tankers, Ltd.
>
> > *Caribe Tankers, Ltd. v. Petroleo Brasileiro, S.A.*, SMA No. 4165 (2012), arbitration at New York before the Society of Maritime Arbitrators, Inc.
>
> North of England P&I Association Ltd.
>
> > *Man Ferrostaal, Inc. v. M/V Akili*, no. 1:07-cv-6269 and 1:09-cv-2408, United States District Court for the Southern District of New York, appealed to the Court of Appeals for the Second Circuit as no. 11-486 and reported at 704 F.3d 77 (2d Cir. 2012).  [David Jensen was only involved in the appeal.]

4. List any clients who have been given a discount from the hourly rate customarily charged by plaintiffs' counsel.  For each entry, identify the case in which the client was represented, including the name of the case, the docket number, and the court where any case was filed.  If any appeal was taken, list the name of the case, the docket number on appeal, the citation to any published decision, and the court where the case was decided.

RESPONSE:  Plaintiffs object that this Interrogatory seeks information that is potentially protected by the attorney-client privilege, that is potentially confidential, and that is potentially a trade secret.  Plaintiffs further object that this Interrogatory seeks information that is outside the possession, custody, or control of Plaintiffs or of David

Jensen. Plaintiffs further object that it would be unduly burdensome, expensive, and practically impossible to fully respond to this Interrogatory, given that it lacks any restriction as to time or scope.

In an attempt to respond to the extent possible, the following clients were provided discounted hourly rates during the past five years:

Second Amendment Foundation, Inc.

*Piszczatoski v. Filko*, no. 2:10-cv-6110, United States District Court for the District of New Jersey; appealed *sub nom.* (*Drake v. Filko*) to the Court of Appeals for the Third Circuit as no. 12-1150 and reported at 724 F.3d 426 (3d Cir. 2013); petition for a writ of certiorari filed *sub nom.* (*Drake v. Jerejian*) with the United States Supreme Court as no. 13-827. [David Jensen handled the district court and appeals court litigation on a flat-fee basis, but the Supreme Court litigation is being handled on an hourly basis.]

*Moore v. Madigan*, no. 3:11-cv-3134, United States District Court for the Central District of Illinois; appealed to the Court of Appeals for the Seventh Circuit as no. 12-1269 and reported at 702 F.3d 933 (7th Cir. 2012).

*Kwong v. Bloomberg*, no. 1:11-cv-2356, United States District Court for the Southern District of New York, appealed to the Court of Appeals for the Second Circuit as no. 12-1578 and reported at 723 F.3d 160 (2d Cir. 2013); petition for a writ of certiorari filed with the United States Supreme Court as no. 13-993.

*Caron v. Cuomo*, no. 1:13-cv-1211, United States District Court for the Northern District of New York.

*In re Pantano*, no. 072329, New Jersey Supreme Court.

Commonwealth Second Amendment, Inc.

*Jarvis v. Village Gun Shop, Inc.*, no. 1:12-cv-40032, United States District Court for the District of Massachusetts. [The client is Commonwealth Second Amendment, but some fees have been paid by the NRA Civil Rights Defense Fund.]

National Rifle Association of America, Inc.

*Davis v. Grimes*, no. 1:13-cv-10246, United States District Court for the District of Massachusetts.

5

Association of New Jersey Rifle & Pistol Clubs, Inc.

*Revell v. Port Authority of New York and New Jersey*, nos. 06-402 and 10-236, United States District Court for the District of New Jersey, appealed to the Court of Appeals for the Third Circuit as 07-3655, 09-2029 and 12-3621 and reported at 391 Fed. Appx. 113 (3d Cir. 2009), 598 F.3d 128 (3d Cir. 2010), and 730 F.3d 252 (3d Cir. 2013). [David Jensen was only involved with the appeal reported in 2013.]

Furthermore, David Jensen assisted two personal acquaintances with minor legal matters and provided them a discounted hourly rate:

Rudolph M. Palladino

No litigation and no docket number.

Scott Listemann

No litigation and no docket number.

Finally, it is possible that some clients at David Jensen's prior law firms were provided discounts from the regular and customary rates at those firms, but this information is not in David Jensen's possession, custody, or control.

5. List each of the State agencies or other governmental units with which plaintiff's attorneys have had an oral or written contractual arrangement or have been paid attorneys fees for any reason. For each attorney, state the agency or governmental unit; whether the agreement is oral, written or the result of a court-ordered award; the length of the arrangement, if applicable; the terms of the arrangement, if applicable; and the compensation to be paid or that has been paid; whether this is paid on an hourly, lump sum, or other type of basis, giving the type of basis; and the date of the agreement or payment.

RESPONSE:  David Jensen served as a law clerk to Hon. David A. Faber of the United States District Court for the Southern District of West Virginia from July 2003 to August 2004. He recalls that he started at the JS-11 pay grade with an approximate annual salary of $47,000 and left at the JS-12 pay grade with an approximately annual salary of $55,000. To his recollection, there was a written letter of appointment that memorialized the employment relationship.

Otherwise, to David Jensen's recollection, he has never been retained or paid by a government agency for legal services. David Jensen has not previously submitted a claim for prevailing-party attorney fees.

6. List other persons who (and/or organizations which) have agreed to support or finance plaintiffs' litigation.  If so, identify the terms of any fee agreement with those persons or entities.

RESPONSE:  Plaintiffs object that this Interrogatory is substantially overbroad, burdensome, vague, and ambiguous, to the extent it might reach the plaintiff non-profit organizations' general fundraising, and it would also implicate the associational privilege. The request is also objectionable because it does not seek information that is relevant within the meaning of Fed. R. Civ. P. 26.

To the extent not objectionable, see objections and response to Interrogatory No. 1 above. Otherwise, none.

I have reviewed the foregoing responses, and I hereby declare under penalty of perjury that they are true and correct to the best of my knowledge.

Dated this ___ day of March, 2014

**DAVID JENSEN** PLLC

By: _____
      David D. Jensen, Esq.
111 John Street, Suite 420
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

7

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

**David D. Jensen**, an attorney admitted to practice before this Court, declares that he is over the age of eighteen (18) years and is not a party to this action; that on the ___ day of March, 2014 he served the within **RESPONSE TO INTERROGATORIES** upon:

>Karen L. McNaught
>Assistant Attorney General
>Office of the Illinois Attorney General
>500 South Second Street
>Springfield, IL  62706

by depositing a true copy thereof, securely enclosed in a post-paid wrapper, to the care and custody of the United States Postal Service, directed to the above at their respective address, that being the address designated by them for that purpose upon the preceding papers in this action.


_____
David D. Jensen