IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS CARRY, <br><br>　　　　　　　　Plaintiffs, <br><br>　　　v. <br><br>LISA MADIGAN, in her official capacity as Attorney General of the State of Illinois, and HIRAM GRAU, in his official capacity as Director of the Illinois State Police, <br><br>　　　　　　　　Defendants. <br>_____ | Case No. 3:11-CV-3134 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

　　　　Come now Plaintiffs, Michael Moore, Charles Hooks, Peggy Fechter, Jon Maier, Second Amendment Foundation, Inc. and Illinois Carry, by and through counsel, and respectfully submit their Memorandum of Points and Authorities in Support of their Motion for Sanctions.

Dated:  July 1, 2014　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ David G. Sigale
David D. Jensen　　　　　　　　　　　　　David G. Sigale (#6238103)
David Jensen PLLC　　　　　　　　　　　　Law Firm of David G. Sigale, P.C.
111 John St., Suite 420　　　　　　　　　　739 Roosevelt Road, Suite 304
New York, NY 10038　　　　　　　　　　　Glen Ellyn, IL 60137
212.380.6615　　　　　　　　　　　　　　630.452.4547
david@djensenpllc.com　　　　　　　　　　dsigale@sigalelaw.com

Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com　　　　　　　　　Attorneys for Plaintiffs

1

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

## INTRODUCTION

Plaintiffs' victory in this case enabled Defendants' counsel to carry handguns for self-defense. It did not entitle them to wield a proverbial flame thrower, scorching the earth in retaliation when Plaintiffs sought payment, as is their right under federal law, for the cost of this litigation. If Defendants disagreed with the amounts sought by Plaintiffs, they could have attempted to resolve their dispute in the usual way, through the negotiations they falsely represented to the Court they would undertake.[1] Failing that, they could have filed a normal, reasoned opposition.

Of course, Defendants had no intention of resolving this dispute for any amount of money. Very little of their opposition to Plaintiffs' motion qualifies as good faith disagreement. Rather, the unmistakable message of Defendants' filing, consisting largely of patently frivolous arguments— they dedicate half the document alone to tilting at the "prevailing party" windmill—is punitive. The objective is to "stick it" to the Plaintiffs and their counsel, to punish them for daring to sue the state, and to deter others from even thinking about doing likewise.

"Fees on fees" litigation is available to compensate for Plaintiffs' additional effort at overcoming the frivolity—and it will come. But "fees on fees" alone would be inadequate to punish and deter future misconduct. As Defendants and their counsel are fond of reminding

---

[1] Defendants were not required to negotiate. But then, they should not have misled Plaintiffs, and this Court, by claiming that more time was needed to negotiate. When Plaintiffs submitted their cost and fee information to Defendants, as the latter had requested, Defendants responded not by making any offer, but by claiming that they had prevailed and would pay nothing. This sort of behavior is in bad faith.

everyone, we are discussing the taxpayers' money—meaning, not theirs. They can thus afford to fight, without any precedent or even argument, about whether a $8.27 tip to a cabdriver is a recoverable travel expense, or slop an objection to counsel's cost of parking at the Seventh Circuit (in downtown Chicago) because "the amount is high for Springfield, IL." Win or lose, it makes no difference to Defendants' counsel—"the taxpayers" won't dock their pay for catastrophically raising the § 1988 bill. Defendants' counsel obviously feel themselves free to pursue their improper objectives of punishing and deterring civil rights litigation, by vexatiously multiplying what should be a straightforward litigation process (if it should be litigated at all, rather than resolved informally as many if not most such matters), without any consequence.

There must be some limits here. Should the Court not address this behavior, it will be repeated, and largely defeat Congress's purpose in enacting 42 U.S.C. § 1988. Fortunately, Congress has also enacted 28 U.S.C. § 1927 to deal with situations such as these, supplementing the Court's inherent supervisory power to do so. As far as Plaintiffs and their counsel are concerned, they are not seeking to profit from this motion. The Court need only provide Defendants' counsel with notice and an opportunity to respond before apportioning to them at least some of the additional expense incurred here responding to frivolous arguments.

## STATEMENT OF FACTS

As the Court is familiar with the facts of Defendants' opposition to Plaintiffs' § 1988 motion, a full recitation of those facts is unnecessary here. Plaintiffs identify as substantially frivolous, offered solely for purposes of delay and harassment, and warranting sanctions, the following positions:

- The claim that Plaintiffs did not prevail, *see Shepard* v. *Madigan*, 734 F.3d 748,

3

752 (7th Cir. 2013) ("the provisions of the Illinois gun law that the plaintiffs in this and the companion case challenge have been invalidated"); *Nat'l Rifle Ass'n of Am., Inc.* v. *City of Chicago*, 646 F.3d 992 (7th Cir. 2011);

- The claim that Plaintiffs did not fully prevail;

- All challenges to the fact that Plaintiffs' counsel represented the Plaintiffs at all times in this case;

- Arguments regarding documents the discovery of which this Court did not authorize;

- The misrepresentation of Plaintiffs' discovery responses, by selectively omitting critical pages and supplemental responses;

- Comparing counsel's rates to those of state-affiliated insurance defense counsel in Springfield;

- Argument that counsels' discounted rates for this public interest case are controlling ("lawyers who donate their services at bargain rates to legal aid organizations may collect under § 1988 the fees they could obtain if the charitable element were removed." *Barrow* v. *Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992));

- Objections to Sigale's parking expenses *in Chicago* because "the amount is high for Springfield, IL," Dkt. 70-1 at 68;

- Objections to tipping cab drivers and waiters as part of the ordinary cost of reimbursable business travel. Without explanation, Defendants averred only that they "should not be required to pay the tips provided by Gura for the cab fare and his meals," Opp. 26;

- Claims that counsels' travel expenses should be limited to *per diems* imposed as a condition of state employment; and

- Claims that counsel should have booked a hotel at "state rates," where counsel is not a state employee, and the hotel rate is perfectly ordinary for standard business travel to Chicago.

## ARGUMENT

**I.  The Court's Inherent Supervisory Powers Authorize An Award of Sanctions Against Counsel.**

"A court has inherent power, which is to say a common law power, to punish by an award of reasonable attorneys' fees or other monetary sanction . . . misconduct by lawyers appearing before it." *Carr* v. *Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) (citations omitted). "[T]he common law principle, like its statutory counterpart, is as much concerned with protecting the courts from being overwhelmed by baseless litigation as with protecting litigants from harassment." *Id.* at 920. Following notice and an opportunity for response, "[s]anctions can then be imposed if the court finds that [a] party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Methode Elecs., Inc.* v. *Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004) (quoting *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 33 (1991)).

**II.  Congress Has Authorized Sanctions Against Attorneys Who Vexatiously Multiply the Litigation.**

Title 28, United States Code § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 is a sanctions statute intended 'to deter frivolous litigation and abusive

practices by attorneys and ensure that those who create unnecessary costs also bear them.'" *Micrometl Corp.* v. *Tranzact Techs., Inc.*, 656 F.3d 467, 472 (7th Cir. 2011) (quoting *Riddle & Assocs., P.C.* v. *Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle*, 414 F.3d at 835 (quotation omitted). "'Vexatious' conduct involves either subjective or objective bad faith." *Pacific Dunlop Holdings* v. *Barosh*, 22 F.3d 113, 120 (7th Cir. 1994) (citation omitted). "[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Tate* v. *Ancell*, 551 Fed. Appx. 877, 891 (7th Cir. 2014) (quoting *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir.1985)).

Section 1927 may be applied in tandem with § 1988. "[Section] 1988 is not available against attorneys, whereas § 1927 is available against only attorneys." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006) (citations omitted). Accordingly, where warranted, courts employ §§ 1927 and 1988 in combination to create joint and several liability between parties and their counsel. *See, e.g.*, *Wilson-Simmons* v. *Lake County Sheriff's Dep't*, 207 F.3d 818 (6th Cir. 2000); *Royal Oak Entm't, L.L.C.* v. *City of Royal Oak*, 486 F. Supp. 2d 675, 680 (E.D. Mich. 2007). "There is no basis . . . to limit the application of § 1927 by a request for fees under § 1988." *Young Apts., Inc. v. Town of Jupiter*, 503 Fed. Appx. 711, 728 (11th Cir. 2013); *Santiago-Perez* v. *State Ins. Fund Corp.*, 534 F. Supp. 2d 242, 246 (D.P.R. 2008);

**III.    Sanctions Are Warranted Against Defendants' Counsel.**

It is a complete waste of time to have to argue, and brief, whether Plaintiffs prevailed (they did). And if there is some *reason* as to why ordinary gratuities cannot be recovered on

6

meals and cabs, Defendants have failed to develop that argument at all. There is no excuse for chopping Plaintiffs' discovery responses as Defendants did. Attempting to foist Springfield parking rates on Seventh Circuit-area garages, or *insurance defense* rates on litigation of this sort, is absurd. Plaintiffs could go on, but the point is as obvious as the bad faith underlying Defendants' approach to this fee request.

Even if Defendants' counsel truly, subjectively believed that actions such as selectively cutting and pasting discovery responses, or inexplicably contesting the act of tipping waiters and cab drivers, were meritorious, they were objectively reckless. The "prevailing party" theory argument, *just* rejected by the Seventh Circuit in *NRA*, and *absolutely foreclosed* by the Seventh Circuit's description of this action in *Shepard*, plainly flies "in the teeth of what [counsel] knows to be the law." TCI, 769 F.2d at 445. What pushes the balance toward sanctions is Defendants' cynical invocation of "the taxpayers"—the same ones whose fundamental rights Defendants sought to violate—as though there is anything remotely rational, economically, in refusing to negotiate and instead plowing ahead with fights over tipping in cabs and restaurants. The taxpayers are as victimized by their attorneys' conduct as are the Plaintiffs and their attorneys.

Respectfully, the message to be sent here is that suing to vindicate constitutional rights should not subject one to this sort of abuse. The Court should confirm that there are grounded, common sense limits to what can reasonably take place in fee litigation. Counsel may make tough, not vexatious and patently baseless arguments. There should be consequences for this type of behavior.

Plaintiffs and their counsel do not seek to benefit financially from sanctions here, as they would be entitled to the "fees on fees" award all the same in that forthcoming motion. But the

Court should act to safeguard the taxpayers in two important ways. First, it should safeguard the taxpayers' money by imposing upon their counsel the consequences of counsel's reckless and abusive misconduct. Second, it should ensure that the taxpayers will continue to access qualified counsel for the vindication of their fundamental rights, access to which is targeted by counsel's vexatious litigation here.

## CONCLUSION

Wherefore, Plaintiffs respectfully request that their motion be granted.

Respectfully submitted,

/s/ David G. Sigale

| | |
|---|---|
| David D. Jensen | David G. Sigale (#6238103) |
| David Jensen PLLC | Law Firm of David G. Sigale, P.C. |
| 111 John St., Suite 420 | 739 Roosevelt Road, Suite 304 |
| New York, NY 10038 | Glen Ellyn, IL 60137 |
| 212.380.6615 | 630.452.4547 |
| david@djensenpllc.com | dsigale@sigalelaw.com |

Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

Attorneys for Plaintiffs

8

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On July 1, 2014, the foregoing document was electronically filed with the District Court Clerk via CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                        /s/ David G. Sigale
                                        One of the Attorneys for Plaintiffs