IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FLETCHER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No. 11-3134 |
| LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

### I.  INTRODUCTION

Plaintiffs filed an extensive fee petition and defendants objected. In their objection, defendants took issue with plaintiffs' claim that they are "prevailing parties" within the meaning of 42 U.S.C. §1988.  Defendants also noted plaintiffs had failed to alert the Court to controlling contrary authority.  Even though plaintiffs did not receive any judicially ordered relief, plaintiffs claim that it was sanctionable for defense counsel to correctly cite the law which holds that plaintiffs are not entitled to fees.

Plaintiffs also quibble about defendants' objections to certain claims and argue that defense counsel should personally be sanctioned for disagreeing with plaintiffs' claims for fees and travel costs.  Plaintiffs also seek sanctions for a copying error that would have been corrected, if plaintiffs' counsel had merely notified defendants of the error through a telephone call or electronic mail.

Plaintiffs' motion clearly is intended to harass counsel for objecting to the fee request. While plaintiffs accuse defendants of vexatiously multiplying this litigation, plaintiffs themselves have engaged in such conduct by filing the instant motion. The claim is baseless and should be denied.

## ARGUMENTS

**A.    SANCTIONS UNDER 28 U.S.C. §1927 ARE UNWARRANTED**

Plaintiffs have sought sanctions against defense counsel personally pursuant to 28 U.S.C. §1927.[1] That section allows the Court to impose sanctions upon counsel who "unreasonably and vexatiously" "multiplies the proceedings in a case." *Id.* Sanctions can be imposed only against those who engaged in "serious and studied disregard for the orderly process of justice." *Binder v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006); *Jolly Group, LTD v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

In the present case, defendants concede a claimed error in the copying of exhibits which had no impact on the argument presented. Defendants otherwise stand by their arguments on attorney fees as well grounded in law and fact. Because plaintiffs have not shown that defense counsel has acted in bad faith in these proceedings, the motion should be denied. Plaintiffs have failed to show a serious and studied disregard for the ordinary process of justice.

As a further matter, plaintiffs have not shown that defense counsel have "multiplie[d]

---

[1] Plaintiffs also include a one-paragraph assertion that the Court should impose sanctions under its inherent authority. Plaintiffs do not develop any cogent argument regarding the Court's inherent power. Application of the Court's inherent power to sanction counsel requires a finding of bad faith or wilful disobedience of court orders. *Grochocirski v. Mayer Brown Rowe & Mow, LLP*, 719 F.3d 785, 800 (7th Cir. 2013). Plaintiffs make no serious argument that defendants have acted in bad faith. Instead, plaintiffs' argument is, in essence, that defendants acted negligently or recklessly.

the proceedings" in this Court. Defendants responded to a motion filed by plaintiffs. Rule 7.1 of the Local Rules of the United States District Court for the Central District of Illinois requires that a party fully brief its position in an initial motion, because replies are not allowed. Plaintiffs asked for relief from the rule and were allowed to file a reply. Plaintiffs now contend that their reply was "a complete waste of time." Document 87 at p. 6. Plaintiffs take the position that their request to be excused from Rule 7.1 was not well grounded and that defendants should pay for the filing of a brief the plaintiffs did not need to file.

In fact, plaintiffs used the filing of the reply brief to file additional evidence with the Court. This was improper and the evidence should not be considered.[2] It is error for the court to take evidence with a reply brief when the rules do not allow defendants to surreply. *Black v. TJC Investment Corp.,* 900 F.3d 112, 116 (7th Cir. 1990); *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997); *Bell v. Daimler-Chrysler Corp.*, 547 F.3d 796, 806 (7th Cir. 2008). Because plaintiffs have the burden of proving that the request for fees is reasonable and proper, any evidence in support of the fees should have been submitted with the motion. While plaintiffs have not shown that defense counsel acted in bad faith or vexatiously multiplied these proceedings, an additional factor the Court can consider in denying the motion for sanctions is counsels' history with the court. *Kietel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1969)(appropriate to consider conduct in prior cases). In that case, counsel had a well-documented past history of misconduct. In contrast, as the Court is aware, defense counsel in this case have long and unblemished

---

[2] Defendants have no objection to consideration of the missing answers to interrogatory 3, which would have been submitted by defendants, if plaintiffs had informed counsel of the error.

histories of service as officers of both state and federal courts.[3]

Plaintiffs' assertion that it makes no difference to defense counsel how much the taxpayers must pay in fees (brief at 3) is unsupported and offensive. Defense counsel in this case have long histories of diligent conduct as guardians of the public purse. As such, plaintiffs' motion for sanctions is completely baseless and should be denied.

**B.    DEFENDANTS' POSITION THAT PLAINTIFFS ARE NOT PREVAILING PARTIES IS NOT ONLY NOT SANCTIONABLE, IT IS CORRECT UNDER THE LAW**

In claiming that they are entitled to an award of attorney fees, plaintiffs ignored contrary authority and lifted quotes out of context to create a false impression of the state of the law. In contrast, defendants accurately cited cases, discussed the holdings of those cases, and distinguished the authority cited by plaintiffs. Despite the fact that plaintiffs do not claim that defendants made any misstatements of the applicable law, plaintiffs claim that defendants should be sanctioned for disagreeing with the position taken by plaintiffs.

In making this baseless assertion, plaintiffs claim that they should be entitled to fees because they "won." The issue, however, is not whether plaintiffs won, but whether plaintiffs are "prevailing parties" as the term is defined by *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Services*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court held that to qualify as a "prevailing party," a party must obtain a judgment on the merits or a judicially enforceable consent decree. *Id.* at 600. Plaintiffs obtained neither of these.

Plaintiffs instead rely on an exception to the *Buckhannon* limitation created by the Seventh Circuit in *Palmetto Properties, Inc., v. County of DuPage*, 375 F.3d 542 (7th Cir.

---

[3] Although the response bears the electronic signature of Assistant Attorney General Karen L. McNaught, the undersigned also drafted portions of the response to the motion for attorney fees.

2004).   In that case, after entering summary judgment which found a statute unconstitutional, the court withheld entry of a final judgment enjoining enforcement of the unconstitutional zoning ordinance at the defendant's request based upon the promise to repeal the ordinance rather than appeal.  *Id.* at 546.

While the Seventh Circuit found that the plaintiff in *Palmetto Properties* was a "prevailing party," the court later clarified that the exception to *Buckhannon* was narrow and limited to the situation where the court had entered a "succinct and easily enforceable" order and all that was missing was the ministerial act of a final judgment. *Zessar v. Keith*, 536 F.3d 788, 797 (7th Cir. 2008).  In *Zessar,* the plaintiff did not qualify as a prevailing party because the terms of any injunctive relief had not been decided at the time the statute became moot.  *Id.*

The court later followed *Palmetto Properties* in another case when there was no dispute about the terms of the relief that would be granted and the "litigation was over except for entry of a injunction" at the time the ordinance was repealed.  *National Rifle Association of America, Inc., v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011). Because the litigation was not over and terms of any injunctive relief that might have been entered by the Court had not been decided when this case became moot, the present case is controlled by *Zessar*, not *Palmetto Properties*.

Plaintiffs attempt to equate this case to *Palmetto Properties* and *National Rifle Association* by claiming that the Court could simply have granted injunctive relief prohibiting enforcement of the offending statutes.  While such relief was a possibility, the Seventh Circuit did not mandate any specific form of relief, and the issue was undecided at the time the statute was amended.  Furthermore, plaintiffs' argument presupposes that this Court

would have granted relief that the Seventh Circuit has characterized as "unreasonable." *Shepard v. Madigan*, 734 F.3d 748, 750 (7th Cir. 2013).

To find that plaintiffs are "prevailing parties," this Court would have to expand the holding of *Palmetto Properties* and write a new broader exception to *Buckhannon* than was recognized by the Seventh Circuit. The Court also would have to distinguish *Zessar* in a manner not previously recognized by the Seventh Circuit. Nothing in the law authorizes the Court to impose sanctions for opposing such a ruling.

**C.   DEFENDANTS CORRECTLY SET OUT THE STATEMENTS FOR THE RATE TO BE USED TO DETERMINE THE LODESTAR**

As defendants correctly stated in their motion, the Court should determine the local market rate for attorneys. *Montanez v. Simon*, __ F.3d __ 2014 WL 2757472 (7th Cir. 2014). The market rate is based on the "type of work in question." *Id., Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 659 (7th Cir. 2007). Plaintiffs had the burden of establishing the market rate. *Montanez*.

Plaintiffs claim that defendants, in citing the rates charged by plaintiffs to their clients in this case, failed to account for the fact that a disount rate was offered and that their regular rates should be used, rather than the discount rate charged in this case. Plaintiffs, however, failed to establish that the rates they seek are those normally charged to clients for the type of work involved in this case. Thus, the "discount rate" is the only rate plaintiffs have offered as the normal rate for the type of work involved. The rates that counsel charge for other types of work have no bearing on the issues in this case. Plaintiffs, thus, have failed to prove that they are entitled to a higher fee than that charged in this case.

Mr. Gura complains that defendants did not discuss his contract, on one single occasion, to perform services on a second amendment case filed in the Ninth Circuit, in

which he charged his higher rate. This occasion, which occurred long after the substantive work in the present case was completed, does not establish a customary rate.

Plaintiffs also take issue with the affidavits submitted with defendants' response. Plaintiffs contend, without evidence, that these affidavits do not correctly reflect the market rate. Plaintiffs, who have the burden of proving the reasonableness of their fee request, have offered nothing to suggest that these affidavits do not correctly state the market rate in Springfield, Illinois.

**D.   THE ANSWERS TO INTERROGATORIES WERE NOT INTENTIONALLY ALTERED**

In their response, defendants cited plaintiffs' answers to interrogatories 1, 2 and 3. As to two of the three sets of interrogatories, clerical staff scanned and attached the answers to only interrogatories 1 and 2. The error was inadvertent, would have been promptly corrected if plaintiffs had alerted counsel, and made no difference to the argument.

Mr. Gura ascribed an evil motive to the fact that his attestation (page 9) contained an answer to a different question. According to Mr. Gura, this was an attempt to deceive the Court in believing that the answer was in response to interrogatory #3 (on page 2). The attestation page was included to make the answers admissible, not for a nefarious purpose. The failure to include answers to interrogatory #3 was a clerical error of staff responsible for scanning and electronic filing. While counsel should have caught the oversight, it is likely that counsel rushed to get the document filed before clerical staff departed for the day.[4]

---

[4]The undersigned does not reflect the events, but notes that the response was filed at 5:04 p.m. on May 5, 2014 (Document #70).

In any event, the exhibit pages did nothing to detract from defendants' argument that plaintiffs have failed to prove that the rates they requested were the usual and customary rates for the type of work at issue when the work was performed.

**E.   OBJECTIONS TO LINE ITEMS WERE NOT VEXATIOUS AND DID NOT MULTIPLY THE PROCEEDING**

Plaintiffs contend that defense counsel should be sanctioned for objecting to the inclusion of tips, the rate paid for hotel rooms, and the cost of meals. Plaintiffs note that the defendants did not develop an argument for this objection. They are correct; it is plaintiffs' burden to establish the reasonableness of fees. Furthermore, as the Seventh Circuit has noted (although referring to an appellate brief), "No reasonable client would countenance spending even a tenth of an hour arguing over $35.20." *Montanez.*

Defendants' citation to travel regulations of the State of Illinois is not to suggest that plaintiffs' counsel is bound by those regulations, but to stress that counsel has to be economical in the methods of travel. In a fee request, counsel must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel could have traveled by a less expensive mode and plaintiffs, who bear the burden of proof, make no attempt to show that the charges were reasonable.

Plaintiffs strenuously object that defendants questioned their bill for tips. Gratuities are, by definition, "gifts." While it is certainly common to extend such gratuities to those who offer services, plaintiffs have cited no authority for inclusion of gifts in a fee petition.

### III. CONCLUSION

Plaintiffs' motion for sanctions is completely baseless. The motion was apparently filed as a manner of seeking retribution for counsels' legitimate challenge to plaintiffs' claim to be prevailing parties and/or as a means of billing additional hours on this file. The

motion should be denied.

                    Respectfully submitted,

                    LISA MADIGAN, et al.
                        Defendants,

                    LISA MADIGAN, Attorney General,
                    State of Illinois,
                        Attorney for Defendants.

                    By:  /s/Terence J. Corrigan
                        Terence J. Corrigan, #6191237
                        Assistant Attorney General
                        500 South Second Street
                        Springfield, IL  62706
                        Telephone:  (217) 782-5819
                        Facsimile:  (217) 524-5091
                        tcorrigan@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FLETCHER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, <br><br>  Plaintiffs, <br><br>  -vs- <br><br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) )  No. 11-3134 ) ) ) ) ) ) ) ) |

## Certificate of Service

I hereby certify that on July 25, 2014, I electronically filed Memorandum of Law in Response to Plaintiffs' Motion for Sanctions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

dsigale@sigalelaw.com

david@djensenpllc.com

alan@gurapossessky.com

and I hereby certify that on July 25, 2014, I mailed by United States Postal Service, the document to the following nonregistered participant:

Respectfully submitted,

s/Terence J. Corrigan
Terence J. Corrigan, #6191237
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
tcorrigan@atg.state.il.us