IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FLETCHER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY, </br></br>  Plaintiffs, </br></br> -vs- </br></br> LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) No. 11-3134 ) ) ) ) ) ) ) ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY

COME NOW the defendants, Lisa Madigan, in her official capacity as Attorney General of the State of Illinois; and Hiram Grau, in his official capacity as Director of the Illinois State Police, by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby respond to the plaintiffs' supplemental authority [d/e 89], stating:

### I.  INTRODUCTION

Plaintiffs have offered as authority in this case, an order, with no analysis, which accepted the parties' agreement on fees in a case filed in the Northern District of Illinois. Plaintiffs make the assertion that this order provides support for the proposition that their fees are reasonable.

### II.  ARGUMENT

The district court order offered by plaintiffs is without precedential value. *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995)("District court decisions have no weight as

precedent, no authority."). While the Seventh Circuit did not discount the value a district court case may have as persuasive authority, the order offered by plaintiffs is completely devoid of analysis, which is to be expected when the Court is merely adopting the negotiated agreement of the parties. Because the order offers no analysis, the persuasive value of the order is also nil.

That leaves open the questions of whether, instead of judicial authority as claimed by plaintiffs, the submission has some value as evidence of the reasonableness of plaintiffs' fees. In the present case, it does not. The first problem faced by plaintiffs is that the rates attorneys might receive in Chicago have no bearing on the issues in this case. Attorneys fees must be based on the local market rate. *Montancz v. Simon*, __ F.3d __, 2014 WL 2757472 (7th Circ. 6/18/14). Because the rates in Chicago differ greatly from those in Springfield, the submission is irrelevant.

Secondly, as evidence, the submission lacks any foundation. Plaintiffs have offered nothing to substantiate what the hours represent, what steps the litigation entailed, or what concessions were made by plaintiffs as part of the negotiating process with the City of Chicago. Without such information, the submissions lack the foundation to be admissible.

Finally, to the extent that the submissions are offered to suggest that the City of Chicago endorses plaintiffs' rates as reasonable, the submissions are hearsay. F.R.E. 801. No statement by anyone from the City of Chicago was supplied under oath in this case. Furthermore, there is nothing that reflects the mental process of anyone from the City of Chicago.

## **CONCLUSION**

The submission offered by plaintiffs has no value as precedential or persuasive authority and is inadmissible as evidence. The Court should disregard plaintiffs'

submission.

        Respectfully submitted,

        LISA MADIGAN and HIRAM GRAU,

            Defendants,

| | |
|---|---|
| Terence J. Corrigan, #6191237<br>Assistant Attorney General<br>Attorney for Defendants<br>500 South Second Street<br>Springfield, IL  62706<br>Telephone:  (217) 782-5819<br>Facsimile:  (217) 524-5091<br>tcorrigan@atg.state.il.us | LISA MADIGAN, Attorney General<br>State of Illinois,<br><br>    Attorney for Defendants.<br><br>By: /s/Terence J. Corrigan<br>    Terence J. Corrigan<br>    Assistant Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MOORE; CHARLES HOOKS; PEGGY FLETCHER; JON MAIER; SECOND AMENDMENT FOUNDATION, INC.; and ILLINOIS CARRY,<br><br>       Plaintiffs,<br><br>       -vs-<br><br>LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; and HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police,<br><br>       Defendants. | No. 11-3134 |

**Certificate of Service**

I hereby certify that on July 28, 2014, I electronically filed Defendants' Response to Plaintiffs' Supplemental Authority with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

dsigale@sigalelaw.com
David@djensenpllc.com

and I hereby certify that on July 28, 2014, I mailed by United States Postal Service, the document to the following non-registered participant:

Respectfully submitted,

s/Terence J. Corrigan
Terence J. Corrigan, #6191237
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
tcorrigan@atg.state.il.us

4