IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MOORE, CHARLES HOOKS, PEGGY FECHTER, JON MAIER, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS CARRY, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 3:11-CV-3134 |
| LISA MADIGAN, in her official capacity as Attorney General of the State of Illinois, and HIRAM GRAU, in his official capacity as Director of the Illinois State Police, ) ) ) ) ) ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Come now Plaintiffs, Michael Moore, Charles Hooks, Peggy Fechter, Jon Maier, Second Amendment Foundation, Inc. and Illinois Carry, by and through counsel, and respectfully move this Honorable Court to extend the time to file their petition for supplemental attorney's fees. In support of said motion, Plaintiffs aver as follows:

1. On November 24, 2014, this Court issued an opinion and judgment on Plaintiffs' Motion for attorney's fees and costs, providing that "any supplemental Plaintiffs' fee petition in this case shall be filed no later than 14 days after the entry of judgment. The Court will treat liberally any joint motion for extension of time to file a supplemental fee petition so that the parties may resolve the issue amicably."

2. On October 17, 2014, the Plaintiffs in the companion *Shepard v. Madigan* matter filed their motion for supplemental attorney's fees, seeking $116,133.50 for having litigated the fee petition. *Shepard* plaintiffs averred what Plaintiffs here had long predicted: that the state's

1

aggressive defense of the fee petition, challenging everything from Plaintiffs' prevailing party status down to an $8.27 tip to a cab driver, was itself an expensive proposition. *See Montanez* v. *Simon*, 755 F.3d 547, 552 (7th Cir. 2014) ("No reasonable client would countenance spending even a tenth of an hour arguing over $35.20. The willingness to fight so hard for so little goes a long way toward explaining why there is a $426,000 bill for attorneys' fees in a $2,000 case.").

3. On October 28, 2014, the Defendants in *Shepard* filed an unopposed motion to extend the time to respond to the supplemental fee petition.

4. The following day, the *Shepard* Court granted Defendants' motion to extend time to respond to the *Shepard* supplemental fee petition, whereupon, Defendants noticed their appeal of the fee award.

5. Accordingly, the following day, the *Shepard* court entered the following order:

> Defendants have appealed the undersigned's September 29 Order, in which $533,603.80 was awarded to Plaintiffs (who successfully challenged the constitutionality of three Illinois gun law provisions). Plaintiffs' supplemental motion for fees (in which they seek recompense for efforts to recover the $533,603.80) was filed on October 17, 2014, and is set to ripen on November 10. District courts generally retain jurisdiction to address fee awards despite the filing of an appeal. **U.S. v. Brown, 732 F.3d 781, 787 (7th Cir. 2013).** But because (1) the fee award itself is central to the appeal rather than an "ancillary issue," and (2) the ultimate success of Plaintiffs' fee litigation will bear directly on the supplemental fee award, see **Richardson v. City of Chi., 740 F.3d 1099, 1103 (7th Cir. 2014)**, the undersigned concludes that postponing resolution of the supplemental fee issue would essentially "avoid the confusion of placing the same matter before two courts at the same time," **Brown, 732 F.3d at 787.** Briefing on Plaintiffs' supplemental motion for attorney's fees is accordingly STAYED.

6. The *Shepard* Court's reasoning is persuasive, and appears to apply here as well. Any decision that the Seventh Circuit might make on Defendants' fee appeal might equally impact this Court's determination of the supplemental fee petition here, especially if the state raises the prevailing party issue in the *Shepard* appeal, which the state claims not to know if it

2

will do, though the state's opening brief in *Shepard* is due one week from today

7.      Defendants will not agree to a motion to hold the supplemental fee petition in this matter in abeyance.  Defendants take the position that abeyance would be appropriate should they choose to notice an appeal in this case, a decision they claim not to have yet reached.

8.      Defendants do, however, state that they are not opposed to a motion to extend the time to file the supplemental fee petition, at least until they have determined whether to notice an appeal in this case. Defendants' deadline to notice an appeal here is December 24, 2014 - Christmas Eve, and one week before New Year's Day.

9.      Accordingly, Plaintiffs respectfully request that the Court extend the deadline to file the supplemental fee petition to either (1) January 14, 2015, twenty-one days after the expiration of Defendants' time to notice an appeal, or (2) if an appeal is filed in this case, to twenty-one days following the issuance of the Seventh Circuit's mandate.

Dated: December 2, 2014                    Respectfully submitted,

/s/ David G. Sigale
David D. Jensen                            David G. Sigale (#6238103)
David Jensen PLLC                          Law Firm of David G. Sigale, P.C.
111 John St., Suite 420                    799 Roosevelt Road, Suite 2074
New York, NY 10038                         Glen Ellyn, IL 60137
212.380.6615                               630.452.4547
david@djensenpllc.com                      dsigale@sigalelaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1.     On December 2, 2014, the foregoing document was electronically filed with the District Court Clerk via CM/ECF filing system;

2.     Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                                                  /s/ David G. Sigale
                                                           One of the Attorneys for Plaintiffs